Opinion by
 

 Spaulding, J.,
 

 This is an appeal by the Commonwealth from an order of the Court of Quarter Sessions of Philadelphia County suppressing evidence seized from the residence of Mattie Velma Payton, appellee.
 
 [1]
 
 The residence, 1726 West Oxford Street, Philadelphia, Pennsylvania, was searched on April 18, 1967 pursuant to a warrant, one copy book and 20 slips of paper containing approximately 3,185 plays being seized.
 
 [2]
 

 The sole issue raised on this appeal is whether the affidavit on which the search warrant was based established probable cause.
 

 In passing on the validity of a search warrant we may consider only information brought to the magistrate’s attention.
 
 Giordenello v. United States,
 
 357 U.S. 480, 78 S. Ct. 1245 (1958). “It is fundamental that facts or circumstances must be presented to the magistrate under oath or affirmation from which he may make an independent and detached appraisal that probable cause for the search exists . . . .”
 
 Commonwealth v. Rose,
 
 211 Pa. Superior Ct. 295, 298, 235 A. 2d 462, 464
 
 (1967); Aguilar v. Texas,
 
 378 U.S. 108, 84 S. Ct. 1509 (1964). In making such an appraisal, the affidavit must be read in a common sense and nontechnical manner.
 
 Rose, supra ; United States v. Ventresca,
 
 380 U.S. 102 (1965).
 

 The leading case of Aguilar
 
 v. Texas, supra,
 
 establishes the following two-pronged constitutional test to be used when assessing the validity of search warrants: “Although an affidavit may be based on hearsay information and need not reflect the direct personal ob
 
 *257
 
 servations of the affiant . . . the magistrate must be informed of some of the underlying circumstances from which the informant concluded that [the paraphernalia was] where he claimed [it was], and some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed . . . was ‘credible’ or his information ‘reliable’.” (at 114)
 

 In the instant ease the warrant was based on the following: “Information has been received from a source which has resulted in numerous arrests and convictions in cases of this nature in the past that the above person is engaged in illegal numbers activities inside the above location by use of the telephone. Informant further states that he has personal knowledge of this due to the fact that he has called in bets to this person on the telephone. During the surveillance maintained on the above date no unusual traffic was observed, however, due to the nature of this activity numerous attempts were made to call the phone at this location between the hours of 10:30 A.M. and 1:00 P.M. with the result the phone was constantly busy. This, plus my information give me probable cause to request issuance of this warrant.” This meets the requirements of
 
 Aguilar
 
 for the affiant has indicated the basis of his belief that the informant was reliable — that he had provided information which had resulted in numerous arrests and convictions in similar cases in the past and the information was corroborated by the affiant’s own investigation concerning the use of the phone by appellee. The warrant included the circumstances underlying the informant’s conclusion, namely that he (the informant) had personally placed bets with appellee by telephone. Finally, the affiant’s own investigation indicating that he found appellee’s phone constantly busy during the time when lottery activity usually occurred strengthens
 
 *258
 
 the reliability of the informant. That the affiant found
 
 “no
 
 unusual traffic” entering or leaving appellee’s residence does not diminish the probable cause.
 

 The instant warrant provides far more than the warrant in
 
 Commonwealth v. Smyser,
 
 205 Pa. Superior Ct. 599, 211 A. 2d 59 (1965), which averred that “as a result of investigations the deponent verily believes that there is sufficient evidence to believe that a person or persons have or will conceal narcotics, dangerous drugs and paraphernalia pertaining to the use of narcotics on the premises of [giving address].” In
 
 Smyser
 
 we decided that “No substantiating facts are given upon which the magistrate might make an independent and detached appraisal of the probability that a crime had been or was being committed.”
 
 Id.,
 
 at 604. Similarly, in
 
 Commonwealth v. Alvarez,
 
 208 Pa. Superior Ct. 371, 222 A. 2d 406 (1966), a warrant was found defective which merely asserted: “Very Reliable Information 100% In The Past, Surveilance [sic] Conducted 6-2-64 5-31-64.”
 

 In
 
 Commonwealth v. Ametrane,
 
 205 Pa. Superior Ct. 567, 210 A. 2d 902 (1965),
 
 aff’d,
 
 422 Pa. 83, 221 A. 2d 296 (1966), a search warrant was upheld which provided less probable cause than the warrant in the case at bar. In
 
 Ametrane
 
 the warrant stated: “Complaints and information received from persons of reliable and good reputation, which your affiant has reason to believe and does believe to be true and upon which he has relied in making this affidavit that accused takes horse bets over the telephone and from other persons at the above address all day. Personal knowledge, that County Detectives were assigned to investigate the original complaint; that the undisclosed agent reported the placing of horse bets and that your affiant has personally observed this location for some time and from their reports and my personal knowledge
 
 *259
 
 and experience in such activities the original complaint has been corroborated.”
 
 Id.,
 
 at 570-571. The
 
 Ametrane
 
 warrant is less specific regarding the informant’s information or the details of his reliability in the past and there is no statement of the results of the surveillance.
 

 We conclude that the warrant in the instant case provided a basis for the independent and impartial magisterial determination of probable cause required by
 
 Aguilar
 
 and the motion to suppress was improperly granted.
 

 Reversed and remanded.
 

 [1]
 

 Commonwealth v. Bosurgi,
 
 411 Pa. 56, 190 A. 2d 304 (1963), permits such an appeal where the Commonwealth can no longer proceed with the prosecution after the evidence in question is suppressed. This case is in that category.
 

 [2]
 

 Appellee was arrested on the same day for a ■ lottery violation and subsequently indicted.