**UNITED STATES of America ex rel. Joseph AMETRANE**

v.

**John I. GABLE, Warden, Delaware County Prison, Appellant.**

**No. 17049.**

United States Court of Appeals Third Circuit.

Argued Sept. 24, 1968.

Decided Oct. 3, 1968.

———◆———

Stephen J. McEwen, Jr., Dist. Atty., Delaware County, Media, Pa. (Ralph B. D'Iorio, Chief, Appeals Division, Vram S. Nedurian, Asst. Dist. Atty., William R. Toal, First Asst. Dist. Atty., Media, Pa., on the brief), for appellant.

Joseph A. Damico, Jr., Chadwick, Petrikin, Ginsburg & Wellman, Chester, Pa., for appellee.

Before BIGGS, FREEDMAN and VAN DUSEN, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

This appeal challenges an October 17, 1967, opinion and order of the District Court granting a petition for a writ of habeas corpus, with provision for a new trial of the relator if such new trial is "seasonably" commenced. The relator had been found guilty by jury verdict of setting up a gambling establishment (18 P.S. § 4605), of aiding and assisting others to gamble (18 P.S. § 4612), and of bookmaking (18 P.S. § 4607). The judgment of conviction and sentence on such guilty verdicts had been affirmed by the state appellate courts. See Commonwealth v. Ametrane, 205 Pa.Super. 567, 210 A.2d 902 (1965), and 422 Pa. 83, 221 A.2d 296 (1966). The facts are set forth in the above-mentioned opinion of the District Court. See United States ex rel. Ametrane v. Gable, 276 F.Supp. 555 (E.D.Pa.1967).

■ The record makes clear that there was evidence to support the finding of the District Court that there was no announcement of the purpose of the police officers in seeking entry to the relator's house prior to insertion of a crowbar into his door, even though such officers had arrest and search warrants. Under such circumstances, the fact that relator voluntarily opened his door in order to prevent its damage by the crowbar was no effective waiver of the requirement that the police officers announce both their identity and purpose prior to forcible entry. See United States ex rel. Manduchi v. Tracy, 350 F.2d 658 (3rd Cir.), cert. den. 382 U.S. 943, 86 S.Ct. 390, 15 L.Ed.2d 353 (1965), and cases there cited. Subsequent to the filing of the appeal in this case, the Supreme Court of Pennsylvania has specifically approved the statement of the applicable constitutional principle under the Fourth Amendment to the United States Constitution, as set forth both in our opinion in *Tracy*, supra, and in the able District Court opinion of Judge Body in this case. See Commonwealth v. Newman, 429 Pa. 441, 240 A.2d 795 (1968). The illegal entry made inadmissible the evidence seized during the search, which evidence was presented to the jury during the trial.

The order of the District Court will be affirmed.