Opinion by
Packel, J.,
The appellant, convicted of possessing narcotic drugs, seeks a reversal on the ground that the search warrant was fatally ambiguous. We agree with the legal proposition that there must be a proper description of the premises to be searched, coupled of course with probable cause to search the designated premises. Commonwealth v. Copertino, 209 Pa. Superior Ct. 63, 224 A. 2d 228 (1966) ; Commonwealth v. Samolsky, 202 Pa. Superior Ct. 406, 195 A. 2d 818 (1963). The federal and state constitutional guarantees of freedom from unlawful searches prohibit a “rubber stamping” procedure for the issuance of warrants that do not adequately describe the premises to be searched. Commonwealth v. Smyser, 205 Pa. Superior Ct. 599, 605, 211 A. 2d 59, 63 (1965).
The legal argument, however, is unsupported by the factual information in the warrant in question. Appellant claims ambiguity because of a difference in the *350 address of the owner involved and of the premises to be searched. The warrant had the information typed on a printed form. One block was designated “Name of Owner, Occupant of Premises, and/or Person to be Searched.” The other block had printed thereon “Address (Street and No.) and Description of Premises and/or Person to be Searched.” There can truly be no question but that the latter block indicated the premises to be searched. The contention that the probable cause information did not apply to the premises to be searched is unwarranted. True, at one place the information referred to an apartment but that designation was still referring to the specific location to be searched as is made abundantly clear by several later references specifically to the location to be searched.
Judgment of sentence affirmed.