Commonwealth *v.* Simmons, Appellant.

Argued November 21, 1972.   Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Michael F. O'Brien,* Public Defender, for appellant.

*Stephen B. Harris,* First Assistant District Attorney, with him *Kenneth G. Biehn,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, March 16, 1973:

Appellant, on May 27, 1969, was arrested and charged with possession of "narcotics and dangerous drugs", after a search, pursuant to a warrant, of appellant's apartment revealed a small quantity of marijuana. A timely motion to suppress evidence was filed, and, after an evidentiary hearing, denied. Thereafter, on January 26, 1971, appellant was tried before a jury and adjudged guilty. Motions for a new trial and in arrest of judgment were argued and denied. An appeal to the Superior Court resulted in an opinionless per curiam order of affirmance. This Court granted allocatur. We now reverse and remand for a new trial.

Appellant raises on this appeal two issues, both of which challenge the validity of the search warrant:

(1) Whether unrecorded sworn oral testimony, given to the magistrate, may supplement and support a deficient written search warrant affidavit and; (2) whether the totality of the evidence, both oral and written, submitted to the magistrate was sufficient to establish probable cause for the issuance of the warrant.

Appellant cannot prevail on his first contention. As this Court recently held in *Commonwealth v. Milliken,* 450 Pa. 310, 314-15, 300 A. 2d 78, 81 (1973) : *"Despite the obvious desirability of having all the information before the magistrate in writing, we are not persuaded that the affiant's sworn oral testimony may not supplement his written affidavit and together supply the constitutional basis for the issuance of a search warrant.* Appellant has been unable to cite any authority in support of his position and indeed the existing case law is to the contrary. See, e.g., Boyer v. Arizona, 455 F. 2d 804 (9th Cir. 1972) ; Miller v. Sigler, 353 F. 2d 424 (8th Cir. 1965) ; Sparks v. United States, 90 F. 2d 61 (6th Cir. 1937) ; Commonwealth v. Crawley, 209 Pa. Superior Ct. 70, 223 A. 2d 885 (1966), aff'd, 432 Pa. 627, 247 A. 2d 226 (1968). In the absence of any constitutional or decisional authority or procedural rule making impermissible the procedure here employed, appellant's claim for relief on this asserted ground must be rejected. In doing so we nevertheless express our preference for reducing to writing in some acceptable manner sworn oral testimony offered in support of the issuance of the search warrant.

"We shall therefore, *in exercise of our supervisory powers, formulate by rule of Court appropriate procedural requirements of a sufficient written record made contemporaneously with the issuance of search warrants. Because this issue is not one of constitutional proportions, the rule will be wholly prospective and thus not applicable to the case at bar."* (Emphasis

added) (footnotes omitted). Accordingly, since the procedural rule to be adopted will apply only to search warrant applications submitted *after* its (the rule's) announced effective date, appellant's first claim must be decided adversely to him.

However, we are in complete agreement with appellant's second contention that, even admitting the oral testimony, probable cause was not established to sustain the issuance of the warrant. As the Commonwealth concedes, and as the trial court found, the written affidavit submitted to the magistrate was patently insufficient on its face, stating only that the affiant-officer had information from a "reliable source, which the deponent believes to be true and correct and on the basis of such information there is probable cause to believe that . . . William Simmons, Building A, Apartment B-6, Charter House Apartments, Old Trevose Road, Trevose, Pennsylvania has possession of dangerous drugs and narcotics known as hash. . . ." An affidavit such as this, devoid of any underlying facts, tending to establish reliability, which would be capable of independent evaluation, clearly does not meet constitutional standards. *Spinelli v. United States,* 393 U.S. 410, 89 S. Ct. 584 (1969); *Aguilar v. Texas,* 378 U.S. 108, 84 S. Ct. 1509 (1964).

To supplement this defective affidavit, the record reveals that the affiant-officer (Mullin) orally, under oath, testified before the magistrate that he (Mullin) had received information via telephone from an Officer Herling, of the Philadelphia Police Department, that one Richard Lohn had been arrested in Philadelphia and charged with possession of dangerous drugs. Officer Mullin further testified that he had been informed that Lohn had given a statement to the effect that he (Lohn) ". . . had purchased drugs from William Simmons of Charter House Apartments." The suppression

hearing record discloses that no other substantive information was orally given the magistrate.

Appellant contends that this oral information does not adequately supplement the defective affidavit so as to make out a showing of probable cause. Specifically, appellant argues that probable cause did not exist for a *present* search where the information furnished the magistrate failed to indicate *when* or *where* informant-Lohn *had* purchased drugs from appellant.[1] It is uncontradicted that nowhere in the record, or in the affidavit, does it appear that the magistrate was given a time frame upon which to determine whether probable cause existed to believe that dangerous drugs were *presently* in the possession of appellant. At best, the magistrate could only have concluded that *at some time in the past*, and at some place in the Charter House Apartments, appellant had furnished informer-Lohn with dangerous drugs.[2] Cf. *Commonwealth v. McCants*, 450 Pa. 245, 299 A. 2d 283 (1973).

---

[1] In view of our disposition, we need not decide appellant's related claims that: (1) the application for the warrant was defective since the reliability of informant-Lohn was not established before the magistrate, cf. *United States v. Harris*, 403 U.S. 573, 91 S. Ct. 2075 (1971); *Commonwealth v. Matthews*, 446 Pa. 65, 70, 285 A. 2d 510, 512-13 (1971) and; (2) that the application was invalid in that affiant-Mullin had no personal knowledge of the facts alleged, since these facts were only known to Officer Herling, the conduit between informant-Lohn and affiant-Mullin. Cf. *United States v. Fiorella*, 468 F. 2d 688, 691-92 (2nd Cir. 1972).

[2] Appellant not only resided at Charter House Apartments, but also was employed there in the maintenance department. Thus, where appellant sold Lohn drugs, and when and where, if anywhere they were kept at the Charter House Apartments, was never revealed to the magistrate. In fact, the record reveals that this information was probably not even known to Officer Mullin. This crucial omission, standing alone, would be a sufficient basis for voiding the warrant. See *Spinelli v. United States*, 393 U.S. 410, 89 S. Ct. 584 (1969); *Aguilar v. Texas*, 378 U.S. 108, 84 S. Ct. 1509 (1964).

It is well settled that ". . . a magistrate's determination of probable cause justifying the issuance of a warrant must be supported by an affidavit [and, if necessary, sworn testimony] that discloses the underlying circumstances from which the affiant has concluded that his information is reliable and that it must contain a statement of the underlying circumstances 'to enable the magistrate independently to judge of the validity' of the affiant's conclusion *that the things to be seized are where he says they are."* *United States v. Bailey,* 458 F. 2d 408, 411 (9th Cir. 1972) (quoting from *Spinelli,* supra at 413, 89 S. Ct. at 587) (emphasis added).

Although the information supplied the magistrate ". . . must be tested with a commonsense, nontechnical, ungrudging, and positive attitude, . . .", *Rosencranz v. United States,* 356 F. 2d 310, 314 (1st Cir. 1966); *United States v. Ventresca,* 380 U.S. 102, 108-09, 85 S. Ct. 741, 746 (1965), the information *must be* sufficient ". . . to enable the magistrate independently to judge of the validity of the informant's *conclusion that the narcotics were where he said they were."* *Spinelli,* supra at 413, 89 S. Ct. at 587 (emphasis added). See also *Jones v. United States,* 362 U.S. 257, 80 S. Ct. 725 (1960). Cf. *McCants,* supra. *Probable cause must be established at the time the warrant is issued.* See, e.g., *Sgro v. United States,* 287 U.S. 206, 53 S. Ct. 138 (1932); *Bailey,* supra; *Durham v. United States,* 403 F. 2d 190, 193 (9th Cir. 1968); *Spinelli v. United States,* 382 F. 2d 871, 897 (8th Cir. 1967) (HEANEY, J., dissenting), rev'd, 393 U.S. 410, 89 S. Ct. 584 (1969); *Rosencranz,* supra; *Schoeneman v. United States,* 317 F. 2d 173 (D.C. Cir. 1963); *Commonwealth v. Shaw,* 444 Pa. 110, 281 A. 2d 897 (1971); *Commonwealth v. Bove,* 221 Pa. Superior Ct. 345, 293 A. 2d 67 (1972). Cf. *McCants,* supra. ". . . [I]t *is manifest that the proof*

[necessary to establish probable cause] *must be of facts so closely related to the time of the issue of the warrant as to justify a finding of probable cause at that time."* Sgro, supra at 210, 53 S. Ct. at 140 (emphasis added).

Here, in neither the affidavit nor the sworn testimony given by the affiant, was the magistrate informed of *when* informant-Lohn purchased drugs from appellant. Was it a year prior to the date of the affidavit, six months, three months, one week? Any selection of time on our part would be purely conjectural. So too must have been the magistrate's determination.

Although ". . . suspicion [of criminal activity] is not enough" to sustain the issuance of a warrant, it is difficult to see how the magistrate had more than that here. *Nathanson v. United States,* 290 U.S. 41, 47, 54 S. Ct. 11, 13 (1933). It must be concluded that the magistrate erred by accepting ". . . without question the complainant's mere conclusion . . ."[3] that dangerous drugs were *presently* in the possession of appellant.

As this Court said in *Commonwealth v. Shaw,* supra at 113-14, 281 A. 2d at 899: "If the issuing officer is presented with evidence of *criminal activity at some prior time, this will not support a finding of probable cause as of the date the warrant issues, unless it is also shown that the criminal activity continued up to or about that time."* (Emphasis added.)[4] Obviously

---

[3] *Giordenello v. United States,* 357 U.S. 480, 486, 78 S. Ct. 1245, 1250 (1958).

[4] It is clear that the Fourth Amendment ban against unreasonable searches and seizures is equally applicable to both the federal and state governments. *Mapp v. Ohio,* 367 U.S. 643, 81 S. Ct. 1684 (1961) ; *Ker v. California,* 374 U.S. 23, 83 S. Ct. 1623 (1963). This being so, the minimum standards to be followed in the procurement of search warrants are constitutionally identical in both the federal and state systems. See *Aguilar v. Texas,* 378 U.S. 108, 118, 84 S. Ct. 1509, 1515 (1964) (HARLAN, J., concurring).

here, as in *Shaw,* that requirement of establishing criminal continuity has not been satisfied.

Here, the affiant's information merely asserted that at some point in the past, which could have been a day, a week or months prior to the date of the affidavit, appellant had sold informant-Lohn marijuana. If we were to sustain the magistrate's determination, the issuance of search warrants would be allowed solely upon suspicion of criminal conduct, a standard far less demanding than that embodied in the Fourth Amendment. We cannot countenance such a deviation from explicit constitutional norms. "Indeed, if the affidavit [and sworn testimony] in this case be adjudged valid, it is difficult to see how any function but that of a rubber stamp remains for [the magistrate]." *Rosencranz,* supra at 317. "It is one thing to expect the magistrate to give a commonsense reading to facts set forth and to draw inferences from them. It is quite another thing to expect the magistrate to reach for external facts and to build inference upon inference in order to create a reasonable basis for his belief that a crime is *presently* being committed." Id. at 317 (emphasis added).

Accordingly, it is pertinent to note (although not statutorily binding on us) the constitutionally mandated requirement as to timeliness embodied in the Manual For United States Commissioners 24 (1948) (as set out in *Durham v. United States,* 403 F. 2d 190, 194 (9th Cir. 1968)) : "A showing to the effect that the property to be seized was at the place to be searched a substantial time before the application is made does not justify the issuance of a search warrant, for the reason that during the intervening period the property may have been moved away. The facts must show that the property to be seized was known to be at the place to be searched so recently as to justify the belief that the property is still there at the time of the issuance of the search warrant." See also *Durham v. United States,* supra at 194 n.4, and the cases cited therein.

From all the information supplied the magistrate, probable cause did not exist to believe that dangerous drugs were *then* on appellant's premises. Accordingly, the trial court erred in failing to grant appellant's motion to suppress evidence.

The judgment of sentence is reversed and a new trial granted.

Mr. Justice POMEROY and Mr. Justice MANDERINO concur in the result.