Commonwealth *v.* Easton, Appellant.

Argued June 18, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*David E. Auerbach,* Assistant Public Defender, with him *Kenneth P. Barrow,* Public Defender, for appellant.

*Ralph B. D'Iorio,* Assistant District Attorney, with him *Vram Nedurian, Jr.,* Assistant District Attorney,

and *Stephen J. McEwen, Jr.,* District Attorney, for Commonwealth, appellee.

Opinion by Jacobs, J., January 8, 1975:

In this case appellant challenges the execution of a search warrant used by police to conduct a search of his apartment. The search uncovered certain narcotic drugs for which appellant was charged with illegal possession. We find that the execution of the search warrant was improper and reverse the lower court's decision which held the search to be lawful.

The federal constitution prohibits "unreasonable" searches by police.[1] Our Courts have considered a search "reasonable" when it is in compliance with 18 U.S.C. §3109 (1969) which states: "The officer may break open any outer or inner door or window of a house, or any part of a house, or anything therein, to execute a search warrant, if, after notice of his authority and purpose, he is refused admittance . . . ." *Commonwealth v. Dial,* 445 Pa. 251, 254, 285 A.2d 125 (1971); *Commonwealth v. Newman,* 429 Pa. 441, 240 A.2d 795 (1968). Therefore, prior to making a forcible entry the officer must, absent exigent circumstances, announce his identity *and purpose,* and give the occupant a reasonable opportunity to surrender his privacy. *Commonwealth v. DeMichel,* 442 Pa. 553, 277 A.2d 159 (1971). In *Commonwealth v. Newman,* supra, the police banged on the door, announced their identity, but failed to state their purpose. The Pennsylvania Supreme Court held on those facts that absent exigent circumstances the police had no right to make a forcible entry after they had been refused admittance.

In the present case, the police armed with a search warrant knocked on the door of appellant's apartment, announced their identity, and requested admission. Al-

---

[1] U. S. Const. amend. IV.

though the purpose of their visit was obviously to execute the search warrant, they only told the occupant that they wanted to see "Bobby." We find that a proper announcement of purpose by the police would have been that they had a search warrant. Similar announcements were found proper in *Commonwealth v. Dial,* supra, and *Commonwealth v. DeMichel,* supra. Unless the police informed the occupant of the purpose for which they sought entry, the occupant was not required to admit them; and absent exigent circumstances, they had no right to make a forceful entry. *See Miller v. United States,* 357 U.S. 301 (1958).

The Commonwealth cites *Commonwealth v. Ametrane,* 422 Pa. 83, 221 A.2d 296 (1966), seeking to justify the intrusion in the present case. In *Ametrane,* the Pennsylvania Supreme Court permitted the forceful entry by police even though they failed to announce their identity or purpose before they entered. The defendant in that case, however, was granted federal relief on his habeas corpus petition by a United States district court which found that his constitutional rights had been violated. *United States ex rel. Ametrane v. Gable,* 276 F. Supp. 555 (E.D. Pa. 1967), *aff'd,* 401 F.2d 765 (3d Cir. 1968). The standards set forth in *United States ex rel. Ametrane v. Gable,* supra, were subsequently adopted by the Pennsylvania Supreme Court in *Commonwealth v. Newman,* supra.

Furthermore, there is no evidence that appellant already knew of the purpose of the police or that the officers believed that the destruction of evidence was being attempted. *See Ker v. California,* 374 U.S. 23 (1963) ; *Miller v. United States,* supra. The mere lapse of time is not an exigent circumstance justifying the failure of police to follow the proper procedure. Had the safety of the police been threatened or had their senses disclosed any unusual activity leading them to reasonably believe that evidence was being destroyed or

a suspect was escaping, we would not hesitate to excuse their failure to follow the proper procedure. However, the facts of this case do not show any of these "exigent circumstances." Instead, they show that the police failed to announce their purpose and were accordingly denied admittance by the occupant. The refusal to admit police who have improperly requested entrance cannot be considered an "exigent circumstance."

The evidence obtained by the search should have been suppressed as the fruit of the initial illegality. *Wong Sun v. United States*, 371 U.S. 471 (1963).[2]

Judgment reversed and new trial granted.

---

[2] Appellant properly preserved this issue for appeal. Prior to trial appellant contested the execution of the search warrant and the lower court concluded that the warrant was properly executed. Once appellant raised this issue, the burden shifted to the Commonwealth to establish at the suppression hearing the admissibility of the challenged evidence. Pa. R. Crim. P. 323(h). Accordingly, the burden is not on appellant to establish the inadmissibility of the evidence but instead on the Commonwealth to establish its admissibility. Appellant did not waive the issue by failing to ask the officers whether they announced their purpose.

---

DISSENTING OPINION BY VAN DER VOORT, J.:

Appeal is taken to this Court from judgment of sentence rendered after jury verdict finding defendant-appellant guilty of possession with intent to deliver and possession for personal use of a controlled substance in violation of "The Controlled Substance, Drug, Device and Cosmetic Act," 1972, April 14, P. L. 233, No. 64, §113, and guilty of conspiracy to do an unlawful act in violation of "The Penal Code," Act of 1939, June 24, P. L. 872, §302.

On November 25, 1972, a warrant was executed at the residence of appellant. A door key to said residence had been obtained from the search of the occupant (not the appellant) of a car seen leaving the area, which car

was later established to be the car of appellant, and this key was used for entrance into appellant's apartment following a request for admittance. Thereupon, Chester police found quantities of marijuana, assorted items of narcotics paraphernalia, glassine packets of suspected narcotics (heroin), and narcotics (heroin) residue. Defendant and his wife were arrested. Defendant moved to suppress evidence, which was denied following hearing on March 6, 1973. Jury trial was held April 25-26, 1973, before Honorable Edward LAWHORNE, Judge. Timely motions for new trial and in arrest of judgment were filed and denied.

Appellant's first argument is that the search warrant was defective in that surveillance officers had not seen "known drug users" enter appellant's apartment, and that informant's information was faulty. It is clear from the testimony at trial that appellant's apartment building had been under surveillance by the officers for approximately three weeks prior to his arrest, during which surveillance numerous "known drug users" were seen entering and leaving. It is also clear that the officers conducting this surveillance could not see persons entering appellant's premises, they being located outside the building which contained four apartments of which the door to each was not visible from the outside. I recognize that a warrant can be executed only when there is a proper description of the premises and probable cause to search. *Commonwealth v. Muscheck,* 222 Pa. Superior Ct. 348, 294 A.2d 809 (1972). While the first of these requirements is not an issue herein, I believe that probable cause would be lacking were it not for an informant's statement that he had been present in appellant's apartment and therein purchased drugs from appellant. Clearly, an outdoor surveillance would not indicate which of the four apartments in the building was being frequented by the observed "known drug users." The testimony at the suppression hearing indi-

cates that the informant had been used and had proven reliable in the past. *Commonwealth v. MacKay*, 229 Pa. Superior Ct. 56, 59, 324 A.2d 574, 576 (1974), holds that, when basing issuance of a warrant on informant's knowledge, "the affidavit state the underlying circumstances which caused the informant to reach his conclusion, and the underlying circumstances which led the affiant to believe that the informer is a reliable source of information (citations omitted)." We must rely on testimony from the suppression hearing for enlightenment as to relevant facts, and while the officers' testimony is not in great detail, I believe that prior dependability of the informant, and his personal knowledge of the presence of drugs at the scene, mitigates in favor of relying on his information. This, together with the surveillance leads me to conclude that affiant did have sufficient belief as to appellant's possession of controlled substances to present to an issuing magistrate, and that the independent magistrate's issuance of a search warrant was supported by probable cause. *Commonwealth v. Payton*, 212 Pa. Superior Ct. 254, 243 A.2d 202 (1968).

I disagree with the appellant's reliance on *Commonwealth v. Simmons*, 450 Pa. 624, 301 A.2d 819 (1973), and *Commonwealth v. Conner*, 452 Pa. 333, 305 A.2d 341 (1973), which stand for the proposition that in order to rely on an informant's statement it must state specifically when such informant came upon his knowledge and without such particularity as to time, there can be no probable cause to support a warrant. In the instant case, probable cause was grounded on two foundations: informant's statements and surveillance. I believe that the informant's information fulfilled the purposes of determining who was allegedly possessing and dealing in controlled substances, and where such parties were to be found, i.e., in what building and where therein. The police officers' surveillance supplied the

time of such alleged transactions. Therefore, *Simmons* and *Conner, supra,* are not controlling, and their requirements as to particularity of time are not apropos.

Appellant's second argument is that the execution of the warrant was defective in that the police officers did not, after knocking and informing those within the apartment of their identity, say that they possessed a search warrant and intended to conduct a search of the premises. *Commonwealth v. DeMichel,* 442 Pa. 553, 560-561, 277 A.2d 159, 163 (1971), stands for the proposition that "before a police officer enters upon private premises to conduct a search or to make an arrest he must, absent exigent circumstances, give notice of his identity and announce his purpose." In the instant case, the uncontradicted testimony indicates that the officers knocked, announced themselves as such, and stated that they wished to see the appellant, "Bobby," (an alias of William) Easton. A female voice from inside said that he was not at home. After waiting a total of five minutes and asking that the door be opened, the officers opened the door with the key they had obtained. This opening of the door must be considered forcible entry because a rightful possessor of the key had not authorized its use. They then showed the warrant to appellant's wife, and soon thereafter, to appellant himself, who was in a bedroom. It is clear that the occupants made no attempt to voluntarily surrender the premises. The easy disposal of the suspected contraband and the reasonable belief that appellant was indeed at home, later proven correct, belies any necessity of the officers to have further conversation with the female voice inside, who only stated that "Bobby" was not there and made no attempt to voluntarily open the door. I do not find "immediate" forcible entry, five minutes having intervened between the first knocking and the using of the key. I would hold that the facts herein indicate that the purposes of the Fourth Amend-

ment, to allow individuals to voluntarily yield up their premises for search, were served.

Appellant's third argument is that there was no search warrant for search of his car. The testimony was that the car was stopped for a red-light violation by its driver, one Charlie Jones, and that during this stop a search of the car was made. It is also the un-contradicted testimony of the officers who conducted this search that no evidence was found in the car. Therefore, it is clear that appellant was not prejudiced by this search of his car. Since there was no prejudice to appellant, whether or not appellant's rights or those of Charlie Jones were violated in the search of the car becomes immaterial.

Appellant's fourth argument is that the Common-wealth did not establish that appellant resided at and had sole custody of the premises searched. The fact that appellant and his wife were the sole occupants on the day of arrest constitutes sufficient evidence that the ap-pellant and his wife were in sole control of the apart-ment and its contents.

Appellant's fifth argument, that the chain of cus-tody as to the evidence of contraband is incomplete, was ably answered by the Honorable Howard F. REED, Jr., Judge, in his opinion denying Motions for new trial and in arrest of judgment.

"The custodian's failure to actually open the evi-dence bag and examine its contents upon receiving it is not material, to affect the chain of control. In fact it may be better for all concerned if items of evidence after placement in a bag for safe keeping are not thereafter disturbed anymore (sic) than is reasonably necessary. The law only requires that the custodian produce the exact same evidence bag he received and that it be in the same condition as when received, and that the se-curity and integrity of the evidence have been preserved

in one unbroken chain. The keeping of the evidence in this case met this standard."

I respectfully dissent and would affirm the judgment of the trial court.

WATKINS, P. J., and PRICE, J., join in this dissenting opinion.