KELLY, Judge,
concurring:
I join in all aspects of the majority’s well reasoned opinion save its discussion of the validity of search warrant No. 12504.
*217 That a magistrate may not issue a search warrant without probable cause is axiomatic. In determining whether an affidavit is adequate to establish probable cause, the question to be answered is not whether there is sufficient evidence to prove guilt, but rather whether it is reasonably probable that the crime has been committed. Commonwealth v. DeLuca, 230 Pa.Super. 390, 397, 326 A.2d 463, 467 (1974). See also Alabama v. White, 496 U.S. -, -, 110 S.Ct. 2412, 2416, 110 L.Ed.2d 301, 308 (1990) {quoting United, States v. Sokolow, 490 U.S. 1, 7, 109 S.Ct. 1581, 1585, 104 L.Ed.2d 1, 10 (1989)). Information contained within the affidavit “is to be viewed with a common sense, non-technical ungrudging, and positive attitude.” Commonwealth v. Edwards, 493 Pa. 281, 290, 426 A.2d 550, 554 (1981) {citing Commonwealth v. Simmons, 450 Pa. 624, 301 A.2d 819 (1973)). In resolving doubtful or marginal cases, our Supreme Court has instructed that courts should determine the answer by the preference accorded to warrants. Commonwealth v. Matthews, 446 Pa. 65, 71, 285 A.2d 510, 513 (1971); Commonwealth v. DeLuca, supra, 230 Pa.Super. at 395, 326 A.2d at 466. Finally, courts must pay due deference to the magistrate’s determination of whether probable cause has been established. Spinelli v. United States, 393 U.S. 410, 419, 89 S.Ct. 584, 591, 21 L.Ed.2d 637, 645 (1969); Commonwealth v. Matthews, supra, 446 Pa. at 71-72, 285 A.2d at 513.
The affidavit of probable cause used to support the instant search warrant contained the following facts: 1) appellee brought the dead body of his wife to the hospital with the explanation that his wife had been accidently electrocuted while bathing in their home’s hot tub when an electric light fell into the water; 2) subsequent examination of the body revealed a laceration above the deceased’s right eye and various bruises about her body; 3) appellee claimed that he had “torn the room apart” where his wife had died before he left the home and was thinking of “setting fire to *218 the house” upon his return[1]; and 4) the police became aware of these facts via a phone call from a hospital nurse. In my opinion, viewing these facts together in a common sense, ungrudging and positive way, it was at least reasonably probable that: 1) appellee brought his dead wife to the hospital because he didn’t want the police to investigate the scene of her death; 2) appellee’s “electrocution” explanation was inconsistent with (or at least insufficient to account for) the subsequent examination of her body because appellee was lying with regard to her demise; and 3) that appellee had torn apart the room in which his wife had died before he brought her to the hospital because he was more concerned with destroying evidence of her fatal “accident” than he was with seeking emergency medical care. Granting due deference to the magistrate’s determination, and considering the preference accorded to warrants, it was not error, in my view, for the magistrate to have found that it was at least reasonably probable that appellee’s wife had been slain and that appellee was involved in the act.[2]
*219 Nonetheless, I agree with the majority's ultimate conclusion that the search warrant was invalid. Our Constitution, as well as the United States Constitution, proscribes warrants which do not describe with sufficient particularity the place(s) to be searched and the thing(s) to be seized. Commonwealth v. Grossman, 521 Pa. 290, 297-98, 555 A.2d 896, 899 (1989). While I agree with the Commonwealth that we must consider peculiar difficulties of complying with this requirement,[3] I remain mindful that the very impetus for *220 the Fourth Amendment as well as Article I, section 8 of our constitution, was the issuance of general writs of assistance which authorized searches only marginally more broad than that authorized herein. See Wakely v. Hart, 6 Binn. 315, 317-18 (1814); Commonwealth v. Rubin, 82 Pa.Super. 315, 319-20 (1923); Commonwealth v. Schaeffer, 370 Pa.Super. 179, 238, 536 A.2d 354, 383-84 (1987) (Kelly, J., concurring and dissenting). After due consideration of the difficulties in meeting the particularity requirement faced herein, I am not convinced that the instant search warrant’s authorization to search and seize “any items which may be related to death of Yvonne Bagley,” could not have been made less broad under the facts available to the applicants herein, e.g. *221 by authorizing the search of only the room in which appellee claimed his wife had been electrocuted and authorizing the search for only such electrical items which may have caused her death or objects which could have inflicted the cut above her eye. I am therefore compelled to agree with the majority that the warrant issued was too broad. Accordingly, I concur.

. Although the issue is not before us, such facts might well have justified the police to search or at least secure the scene based on exigent circumstances. See Commonwealth v. Ellis, 379 Pa.Super. 337, 342-48, 549 A.2d 1323, 1328 (1988) (fire investigation of three hours without search warrant is reasonable in order to discover and preserve evidence); Commonwealth v. Holzer, 480 Pa. 93, 102, 389 A.2d 101, 106 (1978) ("exceptions [to the warrant requirement] arise where the need for prompt police action is imperative, [if] evidence sought to be presented is likely to be destroyed, or secreted from investigation____”). Cf. Mincey v. Arizona, 437 U.S. 385, 394, 98 S.Ct. 2408, 214, 57 L.Ed.2d 290, 301 (1978) (search warrant necessary where police guard at door, and no emergency or threat of destruction of evidence.)

. The instant warrant’s failure to specifically state the crime committed, in violation of Pa.R.Crim.P. 2006(e), 42 Pa.C.S.A. is not, in my opinion, a fatal defect. Such technical deficiencies, do not rise to the level of constitutional violations especially where, as here, it is obvious from context which crime was at issue. See Commonwealth v. O'Shea, 523 Pa. 384, 399, 567 A.2d 1023, 1029 (1989); Commonwealth v. Mason, 507 Pa. 396, 407, 490 A.2d 421, 426 (1985). Cf. Commonwealth v. Schilling, 312 Pa.Super. 43, 48, 458 A.2d 226, 229 (1983) ("Pa.R.Crim.P. 2005 has not been interpreted in such a hypertechnical manner so as to equate all errors to be violative of one’s Fourth Amendment rights).

. The difficulty in complying with and the effect of enforcing a strict particularity requirement in investigating cases such as the instant one may be briefly summarized as follows. Normally, police are called to the scene of a potential murder and briefly conduct an investigation of the crime scene, searching for whatever evidence may have been left behind. Clues discovered during this initial crime scene search often include incriminating yet evanescent and easily destroyable evidence such as bloodstains, fingerprints, and signs of entry and egress. These in turn are often later used to justify another, more intrusive search of the crime scene authorized by warrant.
Where, however, the victim's body is removed from a suspect’s home before the police are aware of the death, police have no opportunity to conduct the initial investigation of the scene of the death, and no constitutional authority to conduct a search of the recent crime scene once they become aware of the death absent a search warrant, exigent circumstances, or consent. Mincey v. Arizona, 437 U.S. 385, 98 S.Ct. 2408, 57 L.Ed.2d 290 (1978). In such cases police may reasonably believe that a murder has been committed but be sufficiently ignorant as to how it was committed to specify with particularity any items they may wish to seize or any places they may wish to search. To construe the particularity requirement strictly in this situation, may be to prohibit search of the scene entirely.
Our constitutions mandate no such result. Although the particularity requirement of our constitution has been construed more rigidly than that of its federal counterpart, see Commonwealth v. Grossman, 521 Pa. 290, 296-99, 555 A.2d 896, 899-900 (1989), I believe the requirement must and does retain sufficient flexibility to account for the peculiar circumstances involved in procuring a warrant where there has been no initial opportunity to search the crime scene. See e.g. In re Search Warrant B-21778, 513 Pa. 429, 436-37, 521 A.2d 422, 426 (1987) (where investigation has no legitimate means of narrowing down the location of certain items to be seized particularity requirement not violated). Both the Fourth Amendment and Article I, Section 8 are designed to prevent unreasonable searches and seizures. Reasonableness is of course dependent upon circumstances. See Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); Commonwealth v. Gray, 509 Pa. 476, 503 A.2d 921 (1985); Commonwealth v. Stamps, 493 Pa. 530, 537, 427 A.2d 141, 144 (1981). Where it is reasonably probable that a crime has been committed but police are *220 not sufficiently certain how it was accomplished, it is necessary and thus reasonable to construe less rigidly the particularity requirement to allow police at least some access to the recent crime scene. Indeed, the United States Supreme Court has suggested:
It may well be that the circumstances described by the Arizona Supreme Court [search of the scene of a recent homicide limited to determining circumstances of death] would usually be constitutionally sufficient to warrant a search of substantial scope. But the Fourth Amendment requires that this judgment in each case be made in the first instance by a neutral magistrate.
Mincey v. Arizona, 437 U.S. 385, 395, 98 S.Ct. 2408, 2415, 57 L.Ed.2d 290, 302 (1978) (emphasis added). Several other jurisdictions have recognized this as well. See e.g. United States v. Kepner, 843 F.2d 755, 762, 763 (3rd Cir.1988) (warrant authorizing search for "documents, records and personal effect of Thomas Kepner” upheld as constitutional); United States v. Johnson, 541 F.2d 1311, 1314 (8th Cir.1976) ("the degree of specificity required when describing the goods to be seized may necessarily vary according to the circumstances and type of items involved"); Commonwealth v. Freiberg, 405 Mass. 282, 299, 540 N.E.2d 1289, 1300 (1989) (Because "police officers did not know what instrument had caused the victim’s severe head wounds ... the police could not be expected to describe with detailed precision the items to be seized when the exact characteristics of those items were not known to them.’’); State v. Repp, 117 Wis.2d 143, 153, 342 N.W.2d 771, 776 (App.1983) (search warrant authorizing search for " ‘things used in the commission of or [which] may constitute evidence of a crime, to wit; murder’ was sufficient.’’); State v. Hodges, 43 Or.App. 547, 551, 552, 603 P.2d 1205, 1207, 1208 (1979) (search warrant authorizing seizure of "any and all evidence which may relate to the possible murder of Sandra Hodges" particular and constitutional when "the police do not know that instrumentalities and other evidence of crime probably exist and they know the premises upon which such items will be found”).