858 A.2d 1255 (2004)
COMMONWEALTH of Pennsylvania, Appellee,
v.
Wayne David WASHINGTON, Appellant.
Superior Court of Pennsylvania.
Argued May 18, 2004.
Filed September 15, 2004.
Warner Mariani and Robert E. Stewart, Pittsburgh, for appellant.
Michael W. Steily, Deputy District Attorney, Pittsburgh, for Commonwealth, appellee.
Before: ORIE MELVIN,[*] TODD, and McCAFFERY, JJ.
OPINION BY TODD, J.:
¶ 1 Wayne David Washington appeals the judgment of sentence of three to six years imprisonment imposed by the Court of Common Pleas of Allegheny County following his conviction by a jury of possession with intent to deliver,[1] possession of a controlled substance,[2] possession of drug paraphernalia,[3] and possession of a prohibited offensive weapon.[4] Upon review, we affirm.
¶ 2 The relevant facts and procedural history of this matter as revealed by the record before us are as follows. Based on an informant's tip that Appellant was dealing crack cocaine from his apartment in the Borough of Homestead, West Homestead Police Officer Herbert Strobel first conducted surveillance on the basement apartment, and then a "trash pull"[5] and two controlled buys of crack cocaine by the *1256 informant before applying for a search warrant for the residence. In the application for a search warrant, he identified the location he wished to search as "123 West Locust Way." Officer Strobel testified at the suppression hearing in this matter that the apartment was located in a building facing West Tenth Avenue, but the informant had accurately informed him that the entry of the apartment faced West Locust Way and that the number "123" was on the apartment. Officer Strobel further testified at the hearing that he had conducted a "trash pull" at the apartment and recovered a handwritten envelope addressed to 123 West Locust Way.
¶ 3 Having completed his investigation and marshaled what he believed to be sufficient evidence to justify a search of Appellant's apartment, Officer Strobel applied for and was granted a search warrant for 123 West Locust Way, which he believed to be Appellant's address based on his investigation. Only when Officer Strobel, Officer Michael Magerl, and approximately 10 other uniformed officers executed the search warrant at Appellant's apartment did they learn from Appellant himself that the warrant specified the incorrect address and that the actual address of the apartment in question was 123 West Tenth Avenue, rear, although Appellant conceded at the suppression hearing that the entrance to his apartment was located on West Locust Way.
¶ 4 At the suppression hearing, Officer Strobel testified they executed the warrant at 7:00 a.m. and that another officer, Agent Scott Shank, performed the knock and announce, stating that it was the police and they had a warrant to conduct a search of the apartment. Officer Strobel further testified that as soon as Agent Shank announced the officers' presence, they heard scurrying and mumbling inside the apartment. At that point, the officers determined it was necessary to break into the apartment in order to protect the officers' safety and to prevent the destruction of any evidence. After Agent Shank shouted several times that they were police there to execute a search warrant, they broke down the door with a battering ram.
¶ 5 Once inside, the police observed Appellant kneeling on the floor of the living room. In addition, Yvette Todd was located inside the apartment. Officer Strobel testified at trial that the informant specifically had advised him that the cocaine was kept in the bathroom. After securing Appellant and Todd, the officers conducted a search of the apartment, finding what was later verified by the Crime Lab to be 85.36 grams of cocaine in a coffee creamer container, a box of sandwich bags, a digital scale, and baking soda in the bathroom. The officers also found a total of $3,148 in cash scattered throughout the apartment, as well as a police scanner, three spring-loaded knives located under a mattress, and a copy of the Pennsylvania Crimes Code located in a black binder. Appellant and Todd were arrested and charged with numerous drug-related offenses, including criminal conspiracy. Several of the charges against them subsequently were withdrawn by the Commonwealth prior to trial. On May 31, 2002, Appellant, represented by Robert E. Stewart, Esquire, appeared before the Honorable Kathleen Durkin for a suppression hearing at which he argued that: 1) the search warrant was invalid due to the wrong address being listed for the property to be searched; and 2) the search warrant was invalid due to the misrepresentation made in the affidavit of probable cause by the affiant that a check of Appellant's criminal history revealed firearms violations when, in fact, Appellant had never been convicted of any firearms offenses. Following the denial of Appellant's suppression motion, both he and Todd proceeded to trial, represented *1257 by separate counsel. Appellant was convicted of the aforementioned charges, but acquitted of conspiracy. The jury acquitted Todd of all charges.
¶ 6 Appellant was sentenced on August 29, 2002 and filed no post-sentence motions. On September 2, 2002, he filed a notice of appeal to this Court, as well as a concise statement of matters complained of on appeal pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure. Judge Durkin issued an opinion in response on December 1, 2003. On appeal, Appellant presents the following questions for our consideration, which we have paraphrased:
1. Whether the warrant executed in this matter was invalid because the address listed in the warrant was not the correct address of the residence searched?
2. Whether Appellant's prior counsel were ineffective in failing to claim a violation of the Knock and Announce Rule necessitating suppression of the evidence found during the search of the residence?
(Appellant's Brief at 4.)
¶ 7 Appellant argues that the inaccurate address in the warrant rendered the search of the premises unconstitutional, violating his right to be free from unreasonable search and seizure under the Pennsylvania Constitution and Rule 206 of the Pennsylvania Rules of Criminal Procedure. (Appellant's Brief at 12.) He argues that the requirement under Rule 206 of precision in the drafting of a search warrant in order to safeguard the privacy of individuals in their homes under the Constitution was violated by Officer Strobel's erroneous listing of Appellant's apartment as being located at 123 West Locust Street rather than its postal address of 123 West Tenth Avenue, Rear. Because the place to be searched was listed erroneously, Appellant argues that the evidence seized pursuant to this illegal search should have been suppressed. (Id.)
¶ 8 The Commonwealth argues, and the trial court agreed, that the search warrant executed in this case was valid and should be upheld because, despite the technically inaccurate address listed on the warrant, "there was no ambiguity about where criminal activity occurred and no question that probable cause existed to search that location." (Commonwealth's Brief at 18.) Both the Commonwealth and the trial court further assert that our holding in Commonwealth v. Belenky, 777 A.2d 483 (Pa.Super.2001), is controlling. We agree.
¶ 9 The facts in Belenky were strikingly similar to those now before us. There, a confidential informant advised Philadelphia police that a man was selling drugs from 4252 Salem Street, Apartment Four. After an officer and the informant went to what they believed was this address, which was accessible from an alley connecting Salem Street and Frankford Avenue, and purchased cocaine, a search warrant was obtained for that premises listing the address as 4252 Salem Street, Apartment Four. Id. at 485. The officer executed the search warrant three days later at the same alleyway apartment where he had purchased the cocaine and found the appellant with packets of heroin and cocaine. The officer also found several bills addressed to the appellant at 4251 Frankford Avenue, not 4252 Salem Street. Belenky moved to suppress the evidence based on the inaccurate address contained in the warrant and the suppression court denied the motion. Id. On appeal, this Court affirmed his judgment of sentence, rejecting the same argument that Appellant herein now raises, holding that where there was no ambiguity about the location where the criminal activity occurred, as well as no question that probable cause for *1258 the search existed at the location that was searched, the erroneous listing of the address did not violate the appellant's constitutional protection, and the goals of the particularity requirement of our Rules of Criminal Procedure were not offended. Id. at 487.
¶ 10 It is true that the Rules of Criminal Procedure include a requirement of particularity. Rule 206 states: "Each application for a search warrant shall be supported by written affidavit(s) signed and sworn to or affirmed before an issuing authority, which affidavit(s) shall: ... (3) [state the] name or describe with particularity the person or place to be searched." Pa.R.Crim.P. 206. It is notable, however, that the comment to Rule 205, "Contents of Search Warrant", states:
Paragraphs (2) and (3) are intended to proscribe general or exploratory searches by requiring that searches be directed only towards the specific items, persons, or places set forth in the warrant. Such warrants should, however, be read in a common sense fashion and should not be invalidated by hypertechnical interpretations.
Pa.R.Crim.P. 205, cmt.
¶ 11 Our review of the record before us leads us to concur with the trial court that there was no ambiguity about the location of the residence to be searched and that, indeed, criminal activity was afoot at that location. In light of the ample evidence presented at the suppression hearing that the police knew exactly which residence they intended to search and, in fact, had been there previously to make two controlled buys of narcotics, we find, as did the Belenky Court, that the particularity requirement of Rule 206 was not violated and that to hold otherwise would elevate form over substance. Accordingly, we find Appellant's first contention to be without merit.
¶ 12 Next, Appellant argues that his previous counsel were ineffective in failing to raise in a suppression motion or during the suppression hearing a claim that the evidence seized pursuant to the search of his residence should have been suppressed because, in executing the search warrant, the police violated the "knock and announce" rule by only waiting three seconds before breaching the door to the apartment. (Appellant's Brief at 13.) Before we reach the merits of Appellant's claims, however, we must consider the impact of our Supreme Court's decision in Commonwealth v. Grant, 572 Pa. 48, 813 A.2d 726 (2002), which clarified the proper treatment of allegations of ineffective assistance of trial counsel on direct appeal. In Grant, the Court recognized the inherent problems in requiring an appellant to raise an ineffectiveness claim at the first opportunity after obtaining new counsel. Specifically, the Court noted that such a requirement often precludes the trial court from reviewing claims related to trial counsel's error, when in fact the trial court is in the best position to review such claims, and forces the appellate court to review the claims based on a record that is not sufficiently developed. Id. at 64-66, 813 A.2d at 736-37. Therefore, the Court in Grant held that, "as a general rule, a petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review." Id. at 67, 813 A.2d at 738. As a result, the Court dismissed the appellant's ineffectiveness claims therein without prejudice and affirmed his judgment of sentence. Id. at 739. In accordance with the requirements of Grant, therefore, we dismiss Appellant's ineffectiveness claims without prejudice to raising them in post-conviction proceedings.
¶ 13 For all of the foregoing reasons, we affirm Appellant's judgment of sentence.
*1259 ¶ 14 Judgment of sentence AFFIRMED.
NOTES
[*] Judge Orie Melvin did not participate in the decision of this case.
[1] 35 Pa.C.S.A. § 113(a)(30).
[2] 35 Pa.C.S.A. § 113(a)(16).
[3] 35 Pa.C.S.A. § 113(a)(32).
[4] 18 Pa.C.S.A. § 908.
[5] The investigation of discarded trash from a residence.