J-S26021-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN THE INTEREST OF: N.R.M., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | No. 1145 MDA 2914 |

Appeal from the Dispositional Order of May 28, 2014
In the Court of Common Pleas of York County
Juvenile Division at No: CP-67-JV-0000150-2014

BEFORE:    OTT, J., WECHT, J., and JENKINS, J.
MEMORANDUM BY WECHT, J.:        **FILED JULY 06, 2015**

N.R.M., a minor, appeals the dispositional order of May 28, 2014, adjudicating N.R.M. delinquent of the acts of possession of a firearm by a minor, receiving stolen property, and possession with intent to deliver a controlled substance.[1]  We affirm.

On March 20, 2014, Officer Pat Gartrell, a police officer of the Northern York County Regional Police Department's drug task force, filed an application for a search warrant to search "[t]he residence and curtilage on the property of 633 North George Street, North York Boro, PA."  Officer Gartrell had received reports of neighbors' complaints of "an excessive number of persons visiting 633 N. George St. . . . for short periods of time, then leav[ing] the area," and believed that a drug distribution scheme was occurring there.  In his affidavit of probable cause, Officer Gartrell described his extensive experience with the drug task force, and explained that he

---

[1]     ***See*** 18 Pa.C.S.A. §§ 6110.1(a), 3925(a), and 35 Pa.C.S.A. § 780-113(a)(30), respectively.

determined 633 N. George St. to be occupied by Mark Woods and Cheirha Rankin, who both had prior felony convictions for drug distribution offenses. On March 19, 2014, Officer Gartrell conducted a trash pull. In the trash bag that he removed from the can behind the house, Officer Gartrell found mail addressed to both Mark Woods and Cheirha Rankin at 633 N. George St., as well as a clear plastic baggie with a green leafy substance that tested positive for marijuana. **See** Affidavit of Probable Cause, 3/20/2014, at 1-2. On March 20, 2014, the search warrant was issued on the basis of this affidavit.

On March 21, 2014, at 6:38 a.m., officers served the warrant by knocking and announcing their presence at 633 N. George St. No one responded, and the officers made a forced entry into the house. Inside, they found four adults and two children, including Woods and Rankin. Corporal Joseph Jeffrey Sierotowicz, who was waiting outside the back door, saw N.R.M. throw a gun out the window of a second-floor room on the north side of the house. In N.R.M.'s room, officers found twenty-one small bags of heroin, a bag of crack cocaine, and fifty dollars in cash.

The officers read N.R.M. his **Miranda**[2] warnings and offered N.R.M. time to confer with his mother, which he declined. Thereafter, N.R.M. stated that he was the only person who slept in the room, admitted to throwing the gun out the window, and claimed that a friend had left the drugs in his room. In a written statement, N.R.M. further stated that he was fourteen years old, that he had found the gun in an alleyway in York City two days before the warrant was executed, and that he does not use drugs.

---

[2] **See Miranda v. Arizona**, 384 U.S. 436 (1966).

A juvenile petition was filed with the York County Juvenile Probation Department charging N.R.M. with possession of a firearm by a minor, receiving stolen property, and possession with intent to deliver a controlled substance. On April 15, 2014, N.R.M. filed a motion to suppress the search warrant and all evidence derived therefrom. On April 16, 2014, after a hearing, the juvenile court denied the suppression motion. On May 28, 2014, after a case assessment and a psychological evaluation, the court adjudicated N.R.M. delinquent. The same day, the court entered a dispositional order placing N.R.M. on formal probation and committing N.R.M. to Youth for Christ's Juvenile Justice program at Allegheny Cottage.

N.R.M. filed a post-dispositional motion on June 3, 2014. On June 13, 2014, the juvenile court denied the post-dispositional motion. N.R.M. timely appealed on July 11, 2014. On July 14, 2014, the juvenile court ordered N.R.M. to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). N.R.M. timely complied on July 30, 2014. On July 31, 2014, the juvenile court issued a Pa.R.A.P. 1925(a) opinion.

N.R.M. presents one question for our review: "Whether the [juvenile] court erred in denying [N.R.M.'s] motion for suppression by finding that sufficient probable cause existed to justify the authorization of a search warrant?" N.R.M.'s Brief at 4.

N.R.M. argues that the search warrant was not supported by probable cause because "the facts provided . . . consisted of only an anonymous statement, stale information, and evidence that did not allude to a drug vending operation." *Id.* at 8. Therefore, he contends that the search

warrant was defective and all evidence derived therefrom should be suppressed as fruits of the poisonous tree. *Id.* We disagree.

Our standard of review when reviewing a challenge to the denial of a suppression issue is well-settled:

> [We are] limited to determining whether the factual findings [of the suppression court] are supported by the record and whether the legal conclusions drawn from those facts are correct. [Because] the prosecution prevailed in the suppression court, we may consider only the evidence of the prosecution and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the record supports the factual findings of the [juvenile] court, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error.

*Commonwealth v. Martinez*, 69 A.3d 618, 622 (Pa. Super. 2013) (citation omitted).

> In *Illinois v. Gates*, 462 U.S. 213 (1983), the United States Supreme Court established the "totality of the circumstances" test for determining whether a request for a search warrant under the Fourth Amendment is supported by probable cause. In *Commonwealth v. Gray*, 503 A.2d 921 (Pa. 1986), this Court adopted the totality of the circumstances test for purposes of making and reviewing probable cause determinations under Article I, Section 8. In describing this test, we stated:
>
> > Pursuant to the "totality of the circumstances" test set forth by the United States Supreme Court in *Gates*, the task of an issuing authority is simply to make a practical, common-sense decision whether, given all of the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. . . . It is the duty of a court reviewing an issuing authority's probable cause determination to ensure

- 4 -

that the magistrate had a substantial basis for concluding that probable cause existed. In so doing, the reviewing court must accord deference to the issuing authority's probable cause determination, and must view the information offered to establish probable cause in a common-sense, non-technical manner.

\* \* \*

[Further,] a reviewing court [is] not to conduct a *de novo* review of the issuing authority's probable cause determination, but [is] simply to determine whether or not there is substantial evidence in the record supporting the decision to issue the warrant.

*Commonwealth v. Torres*, 764 A.2d 532, 537-38, 540 (Pa. 2001).

*Commonwealth v. Jones*, 988 A.2d 649, 655 (Pa. 2010) (citations formatted). Finally, a showing of probable cause requires more evidence "than would constitute mere suspicions and conjecture," yet it is still "only the probability and not a *prima facie* showing that is required." *Commonwealth v. Minton*, 432 A.2d 212, 214 (Pa. Super. 1981).

Here, the juvenile court concluded "the magistrate did have a substantial basis for concluding that probable cause existed" to issue the warrant. Juvenile Court Order, 4/16/2014, at 17. Based upon our own independent review of the warrant application, we are compelled to agree.

In his affidavit, Officer Gartrell averred, in relevant part, as follows:

Within the past week I received information from a complainant who was concerned about an excessive number of persons visiting 633 N. George St., North York Boro, York County, PA. The complainant stated that the visitors arrive in vehicles and on foot, go into the residence at 633 N. George St. . . . for short periods of time, then leave the area.

Through my training and experience I know that this type of visitor activity can be consistent with a drug vending operation.

Through investigation I was able to determine that Mark Woods with a date of birth of 02-09-1968, and Cheirha Ranking with a date of birth of 05-23-1981 reside at 633 N. George St. . . .

A check of Pennsylvania Criminal history records indicates that Mark Woods (02-09-1968) was convicted in York County Court in August 2009 for . . . a felony drug distribution offense. Cheirha Rankin (05-23-1981) was convicted of the same offense in York County Court in June of 2006. Additionally Northern York County Regional Police have had contact with Woods and Rankin several times within the past 3 months at 633 N. George St. . . . Penn Dot records also indicate they both reside at 633 N. George St. . . .

I determined residential trash pick up in the area of 633 N. George St. . . . is on Thursday mornings. During the late night hours of Wednesday 03-19-14 I went into the area of 633 N. George St. . . . , and noted that many residents had placed trash bags and receptacles on the alley behind the 600 block of N. George St. for pick up. Directly behind 633 N. George St. I observed a green can with a white plastic bag inside.

I removed the bag from behind 633 N. George St. . . . and took it with me to another location. At the other location I examined the contents of the bag. Inside the bag I found two pieces of mail. One was addressed to Cheirha Rankin, and the other one was addressed to Mark Woods. Both pieces of mail had the address of 633 N. George St., York PA 17404 printed on them. In the same bag I found a small clear plastic baggie with a green leafy substance inside. The leafy substance looked and smelled like marijuana. I field tested the green leafy substance from the baggie, and a positive reaction for marijuana was obtained.

Based upon my training and experience I know that persons involved in marijuana distribution commonly package marijuana in small plastic baggies.

On numerous occasions in the past while working in an undercover capacity or through an informant, I have purchased

controlled substances which were packaged in small plastic baggies.

Through the above information I believe that probable cause has been established to support the belief that a drug vending operation is taking place at 633 N. George St., North York Boro., York Co. PA 17404. I believe that evidence of that offense, including quantities of marijuana or other controlled substances; cash previously used to purchase marijuana or other controlled substances; materials and items commonly used to package marijuana or other controlled substances, such as plastic bags and electronic scales; records or other documentation of past marijuana or other controlled substance transactions; and property or other assets acquired through illegal drug trafficking will be present at 633 N. George St. . . .

Affidavit of Probable Cause, 3/20/2014, at 1-2.

Thus, Officer Gartrell supported his application for a search warrant with not only hearsay information of behavior consistent with a drug distribution scheme, but also information that the residents of 633 N. George St. had prior convictions consistent with such a scheme. Furthermore, the affidavit describes a trash pull which confirmed that the residents received mail at that address, and which contained marijuana packaged in a fashion consisted with distribution of controlled substances. This is consistent with our case law, which has shown that evidence corroborated by trash pulls linked to the suspected individual provides a substantial basis to issue a search warrant for further investigation. ***See, e.g.***, ***Commonwealth v. Washington***, 858 A.2d 1255, 1256 (Pa. Super. 2004) (holding that affidavit supported by informant's tip, corroborating trash pull, and two controlled buys of crack cocaine, was sufficient to obtain a search warrant for the residence); ***Commonwealth v. Hetzel***, 822 A.2d 747, 760 (Pa. Super. 2003) (concluding that evidence retrieved from several

trash pulls of bandages consistent with a bite inflicted by the victim was sufficient probable cause to issue warrant).

Accordingly, under the totality of the circumstances, we agree with the juvenile court that the search warrant was supported by probable cause. *See Torres*, 764 A.2d at 537-38. Therefore, the juvenile court did not err in denying N.R.M.'s motion to suppress the search warrant and evidence derived therefrom as fruits of the poisonous tree. *See Martinez*, 69 A.3d at 622. N.R.M.'s issue does not merit relief.

Dispositional order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/6/2015