J-S44028-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CHARLESTAE TAGGART, | |
| Appellant | No. 591 EDA 2016 |

Appeal from the Judgment of Sentence January 19, 2016
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0003001-2014

BEFORE:  BENDER, P.J.E., SHOGAN and MUSMANNO, JJ.

MEMORANDUM BY SHOGAN, J.:                **FILED SEPTEMBER 29, 2017**

Appellant, Charlestae Taggart, appeals *pro se*[1] from the January 19, 2016 judgment of sentence entered in the Court of Common Pleas of Chester County following Appellant's conviction by a jury on November 12, 2015, of one count each of Persons Not to Possess Firearm, Receiving Stolen Property ("RSP"), Possession of Cocaine, Possession of Heroin, Possession of Drug Paraphernalia, and Resisting Arrest.[2]  We affirm.

The trial court summarized the facts of the crime as follows:

---

[1]  Appellant was represented by counsel at trial.

[2]  18 Pa.C.S. § 6105(a)(1), 18 Pa.C.S. § 3925(a), 35 P.S. § 780-113(a)(16), 35 P.S. § 780-113(A)(16), 35 P.S. § 780-113(A)(32), and 18 Pa.C.S. § 5104, respectively.

[O]n August 16, 2014, police executed a search warrant at 35 Foundry Street, Coatesville, Chester County. During the search of the residence, the officers located [Appellant] sleeping, naked, and in bed with a female friend. As a safety precaution, the officers attempted to place [Appellant] in custody during the search. [Appellant] resisted the officers' attempt to place him in custody by repeatedly failing to comply with the officers' verbal commands and not allowing them to restrain him. Ultimately, it took three officers and the repeated use of a taser to subdue [Appellant] so that he could be placed in custody.

After [Appellant] was placed in custody and the residence was secured, the officers conducted the search. During the search, the officers recovered four hundred fourteen (414) bags of heroin, weighing 10.95 grams, five (5) bags of cocaine, weighing 12.61 grams, a fully loaded and stolen Ruger []9 millimeter handgun with an extended magazine, two different types of ammunition, cutting agents, scales, and hundreds of baggies commonly used to package cocaine and heroin.

Trial Court Supplemental Opinion, 1/30/17, at 2–3 (footnote omitted).

Appellant was arrested and charged in relation to the above events in August of 2014. Trial counsel filed a motion to suppress evidence on February 24, 2015. On March 18, 2015, the trial court entered an order dismissing the motion as moot, noting that the motion was withdrawn on the record. Order, 3/18/15. Trial counsel filed an amended motion to suppress evidence on May 7, 2015, asserting that the search "warrant was not properly authorized by the issuing authority." Defendant's Amended Motion to Suppress Evidence, 5/7/15, at ¶ 8(a). Specifically, the amended motion asserted that the date of the search was August 15, 2014, and one of the dates on the warrant was January 15, 2014. *Id*. at ¶ 8(b). The trial court held a hearing on the motion on June 17, 2015, and denied the suppression

motion on July 10, 2015. Order, 7/10/15. The trial court determined that the improper date on the warrant in one of three places was "inadvertent judicial error." *Id*. at 2.

On August 7, 2015, Appellant, *pro se*, despite being represented by counsel, filed a purported motion for reconsideration of the order denying the motion to suppress. In that motion, Appellant contended, *inter alia*, that there were additional, multiple errors on the search warrant that rendered it invalid. At a subsequent hearing on August 21, 2015, the trial court denied the motion for reconsideration. N.T., 8/21/15, at 4. The court reiterated that it credited the testimony of the affiant that the warrant "was signed all at one time by the judge, all the signatures were affixed at . . . one time, that's going to hold true on one, two, or three errors in the date." *Id*. The trial court addressed the other purported defects alleged and explained that its rationale advanced in denying the prior, amended, counseled suppression motion was equally relevant to the minor defects Appellant identified in his *pro se* supplemental motion. *Id*. at 3–4. Neither counsel nor Appellant assailed the warrant on other grounds at the August 21, 2015 hearing.

Also at that hearing, Appellant indicated his desire to discharge defense counsel and declined the trial court's offer to appoint a public defender. N.T., 8/21/15, at 2–3, 6. Defense counsel advised the court that he and Appellant "have had an irreconcilable break down in our attorney-client relationship." *Id*. at 2. Appellant told the court he was "in the process

of looking for an attorney." *Id*. at 3. The trial court acquiesced in Appellant's request to discharge defense counsel and granted Appellant a continuance to obtain new counsel. *Id*. at 5–6.

At a hearing on Monday, October 5, 2015, Appellant testified that he still had not obtained new counsel and claimed to have an appointment with private, potential counsel "on Thursday." N.T., 10/5/15, at 2–4, 7. Once again, Appellant declined the trial court's offer of a public defender. *Id*. at 2. Despite the trial court's annoyance that Appellant had continued the case six times, on January 26, 2015, February 24, 2015, April 10, 2015, May 22, 2015, July 13, 2015, and August 21, 2015, it continued the case once more and set it for trial on November 9, 2015. *Id*. at 4, 7.

Appellant obtained new counsel. A jury was chosen on November 9, 2015, and the case proceeded on November 10 and 12, 2015. On November 12, 2015, the jury convicted Appellant as noted above. The trial court deferred sentencing pending preparation of a presentence investigation report. On December 16, 2015, Appellant filed a motion for a mistrial and new trial and a motion for judgment of acquittal.

At the sentencing hearing on January 19, 2016, the trial court noted that at the time of commission of these offenses, Appellant was under the supervision of the state parole board for convictions of kidnapping and simple assault in 2006. Counsel for Appellant asked the court to consider the motions filed on December 16, 2015, "in lieu of a formal sentencing

J-S44028-17

motion." N.T., 1/19/16, at 14. The trial court sentenced Appellant to an aggregate term of imprisonment of eight and one-half to eighteen years. The trial court denied Appellant's post-trial motions that same day.[3]

The trial court summarized the ensuing relevant procedural history as follows:

On February 17, 2016, [defense counsel] filed a timely Notice of Appeal on behalf of [Appellant][7] in response to which[] the [c]ourt ordered defense counsel to file a Statement. (See Order, 2/18/16). On March 10, 2016, [defense counsel] filed a Motion for an Enlargement of Time to File a [Pa.R.A.P.] 1925 Statement, which the [c]ourt granted on March 14, 2016. On April 28, 2016, counsel filed a timely Statement. On May 16, 2016, this [c]ourt issued its Pa.R.A.P. 1925(a) Opinion. Subsequent to the filing of that Opinion and unbeknownst to the [c]ourt, [Appellant] directly petitioned the Superior Court for self-representation.

[7] That appeal was docketed at Commonwealth vs. Charlestae Taggart, 591 EDA 2016.[4]

By order dated July 19, 2016, the Superior Court directed this [c]ourt to conduct an on-the-record Grazier hearing[8] to determine whether [Appellant's] waiver of appellate counsel was knowing, intelligent and voluntary. On September 9, 2016, a Grazier hearing was held and it was determined that [Appellant's] waiver of counsel on appeal was knowing, intelligent and voluntary. (See Order, 9/28/16).

[8] Pursuant to Commonwealth v. Grazier, 713 A.2d 81 (Pa. 1998).

---

[3] The trial court stated that Appellant "requested a mistrial for prosecutorial misconduct and a judgment of acquittal based on the weight and sufficiency of the evidence presented at trial." Trial Court Supplemental Opinion, 1/30/17, at 2 n.6.

[4] That appeal is the present appeal.

- 5 -

On November 4, 2016, the Superior Court ordered this [c]ourt to provide [Appellant] with all necessary and relevant documents for a complete and judicious assessment of the issues raised on appeal.[9] By way of that same order, the Superior Court permitted [Appellant] to file and serve upon the undersigned a new *pro se* [Pa.R.A.P. 1925(b)] Statement. On December 19, 2016, [Appellant] filed a timely Statement.

> [9] By Order dated December 5, 2016, the Chester County Clerk of Court certified that it had forwarded to [Appellant] all documents that the [c]ourt deems relevant and necessary for a judicious assessment of this appeal.

Trial Court Supplemental Opinion, 1/30/17, at 2.

Appellant raises the following issues on appeal:[5]

1. [Were Appellant's] Constitutional rights violated where the court held a search warrant [to be] valid that contain[ed] eleven (11) defects . . .?

2. Whether the trial court committed, structural error when it converted jury trial to bench trial by excusing jury and rendering a verdict of guilt, on the offense of Person Not to Possess 6105(a), denying [Appellant] his Constitutional right to trial by jury[?]

3. Was there sufficient evidence submitted at trial to sustain the conviction of[] Person Not to Possess a Firearm[?]

4. Was there sufficient evidence submitted at trial to sustain a conviction of[] Receiving Stolen Property[?]

5. Whether the misconduct by the prosecution[']s deliberate and intentional misrepresentation of forensic "DNA" evidence denied [Appellant] the right to a fair trial[?]

---

[5] While Appellant's appellate brief exceeds the thirty-page limit established in Pa.R.A.P. 2135(a)(1) by nineteen pages, we entered an order on May 22, 2017, granting Appellant's petition to file an extended brief.

6. Whether the trial court erred in denying [Appellant's] request for mistrial, or request for a curative instruction be read to jury on the prosecution[']s misrepresentation of DNA evidence[?]

Appellant's Brief at 5–6 (minor alterations imposed to increase readability).

Appellant first asserts that the trial court erred in failing to suppress evidence because the search warrant in this case contained defects that rendered the warrant invalid. Appellant's Brief at 11. The standard of review an appellate court applies when considering an order denying a suppression motion is well established.

> In evaluating a suppression ruling, we consider the evidence of the Commonwealth, as the prevailing party below, and any evidence of the defendant that is uncontradicted when examined in the context of the record. *Commonwealth v. Sanders*, 42 A.3d 325, 330 (Pa. Super. 2012). This Court is bound by the factual findings of the suppression court where the record supports those findings and may only reverse when the legal conclusions drawn from those facts are in error. *Id*.

*Commonwealth v. Haynes*, 116 A.3d 640, 644 (Pa. Super. 2015). Additionally, we may consider only evidence presented at the suppression hearing. *In re L.J.*, 79 A.3d 1073, 1085–1087 (Pa. 2013).

As noted previously, the initial counseled motion to suppress evidence filed on February 24, 2015, was withdrawn by counsel and dismissed on March 18, 2015, as moot. An amended, counseled motion to suppress was filed on May 7, 2015, asserting that the search warrant was not properly authorized because the date of the search was August 15, 2014, and one of the dates on the warrant was January 15, 2014. At a suppression hearing

on June 17, 2015, Detective Shannon Miller of the Coatsville City Police Department testified that she was a narcotics investigator in August of 2014 when she began an investigation of Appellant. N.T. (Suppression), 6/17/15, at 4–5. On August 15, 2014, a Friday evening, Detective Miller sought a search warrant for Appellant's residence. She met with a common pleas judge at his residence, swore to the application, and observed as the judge signed and dated the cover page in two places with the correct date, August 15, 2014, and signed the last page indicating an incorrect date of "1/15/14." *Id*. at 2, 8. Detective Miller testified that she did not realize at the time that Judge Griffith signed an incorrect date. *Id*. at 11. She also explained that the investigation into Appellant did not begin prior to August of 2014. *Id*.

In denying the counseled motion to suppress, the trial court concluded that the erroneous date in one place on the warrant was "inadvertent judicial error." Order, 7/10/15, at 2. The trial court stated:

> After crediting the testimony of Detective Shannon Miller of the Coatesville City Police Department, we find [Appellant's] suppression argument is without merit. We note that *Commonwealth v. Chinea*, 371 A.2d 944 (Pa. Super. 1977); *Commonwealth v. Swint*, 389 A.2d 654 (Pa. Super. 1978) and *Commonwealth v. Conner*, 305 A.2d 341 (Pa. Super. 1978) are controlling in this action and we are bound by the doctrine of *stare decisis*. Consequently, the search warrant in our case is not facially invalid because of the inadvertent judicial error contained therein.
>
> The appellate courts have distinguished situations involving warrants with minor typographical errors from those where errors or omissions have threatened fourth amendment

- 8 -

protections. In **Chinea**, the issuing magistrate omitted the month and inadvertently entered the year twice in dating the warrant, so that it read "this 18th day of 1975, 1975. . . ." 371 A.2d at 945. It was held that the omission of the month from the date of issuance of the warrant did not deprive either the suppression court or the Superior Court of the requisite information to determine that the warrant was properly issued and executed. . . ." **Id**. at 946. . . .

The misdating by the issuing authority in this case, like the error in **Chinea**, **supra**, does not leave this court unable to review the propriety of the issuance and execution of the warrant. The Commonwealth presented credible [testimony] from the affiant, Detective Shannon Miller. Detective Miller testified that she appeared at the residence of the issuing authority in the early evening hours of August 15, 2014 and witnessed the issuing authority affix all three of his signatures. Specifically, the detective testified that she presented both the Application for Search Warrant and the accompanying Affidavit of Probable Cause to the issuing authority and observed him read the documents, as well as affix his signature and the date in locations on the application's face sheet and the last page of the probable cause affidavit. Although the issuing authority dated the Affidavit of Probable Cause "January 15, 2014[,]" it was still properly executed on August 16, 2014.

It should be further noted that the error in dating the affidavit the month of January was earlier in the signing sequence by the Judge. The error date of January 15, 2014, reflects the month that the issuing authority's commission expires (January) along with the day (15) and year (2014) that the issuing authority signed the affidavit. Because we find that the facts at hand are analogous to those contained in **Chinea** and **Swint**[,] we decline to adopt [Appellant's] hyper technical reading of the Rules of Criminal Procedure. Accordingly, the evidence against the [Appellant] is not suppressed for the inadvertent judicial error.

Order, 7/10/15, at 2 n.3

In Appellant's *pro se* motion for reconsideration of the trial court's denial of the motion to suppress, Appellant asserted additional errors. For example, he claimed the warrant did not have "any seals," he "believe[d]

- 9 -

that the judge forgot to sign so someone else signed it," and the warrant was "not filed with the 'Clerk of Courts'." Motion for Reconsideration, 8/7/15, at unnumbered 1. He further asserted that Detective Miller "made false claims in applying for a warrant and search." *Id*. In addition, Appellant assailed the trial court's reliance on *Chinea* because that case involved a single error in the warrant, and his case involved multiple warrants.

In disposing of the reconsideration motion, the trial court stated the following:

> THE COURT: [Y]our motion is essentially that there are some additional defects on dates on the warrant. I've already credited the testimony of the officer.
>
> [APPELLANT]: Mm-hmm.
>
> THE COURT: So if there is some additional date, like, for example, they didn't change the form from 19-whatever to 2000-whatever. The officer already testified that she was there when the Judge signed it and she signed it all at one time. My same rationale would apply to that as well.
>
> You said it's not filed with the Clerk of Courts. I'm looking at it. It's filed with the Clerk of Courts.
>
> [THE COMMONWEALTH]: Your Honor, the discrepancy was, I was provided a copy in discovery that was not the docketed copy.
>
> I provided [defense counsel] the docketed copy with the time stamp and the miscellaneous docket number on it recently in discovery due to the fact that [Appellant] put that in his motion.
>
> THE COURT: You're saying it's not sealed -- it's sealed. Just the copy you have doesn't have the seal on it. And

the discrepancies and the dates -- although I must admit, it's sloppy as heck. But if I credit the testimony of the officer that it was signed all at one time by the judge, all the signatures were affixed at with one time, that's going to hold true on one, two or three errors in the date.

[APPELLANT]: Mm-hmm.

THE COURT: **So with respect to your motion for reconsideration, it's denied**.

N.T., 8/21/15, at 3–4 (emphasis added).

At the time Appellant filed the *pro se* motion for reconsideration, August 7, 2015, he was represented by counsel. Counsel did not withdraw until August 21, 2015. Hybrid representation is not permitted. ***See Commonwealth v. Jette***, 23 A.3d 1032, 1036 (Pa. 2011) (concluding that a petitioner's *pro se* motion for remand when that petitioner is represented by counsel is impermissible as hybrid representation). Furthermore, *pro se* motions have no legal effect and are legal nullities. ***Commonwealth v. Nischan***, 928 A.2d 349, 355 (Pa. Super. 2007); ***compare Commonwealth v. Williams***, 151 A.3d 621 (Pa. Super. 2016) (distinguishing *pro se* notices of appeal from other filings that require counsel to provide legal knowledge and strategy where the defendant is represented by counsel). Thus, at first glance, Appellant's *pro se* motion did not preserve his additional challenge to the search warrant.

The record contains an order dated August 17, 2015, and filed August 19, 2015, indicating that the trial court referred the *pro se* motion to counsel and ordered counsel to obtain a hearing date if counsel wished to

- 11 -

proceed on the motion. Order, 8/19/15. Because counsel did not do so, the trial court maintains in its supplemental Pa.R.A.P. 1925(a) opinion that counsel abandoned the motion, there is no final order disposing of it, and therefore, any issue raised therein is waived or abandoned. Supplemental Pa.R.A.P. 1925(a) Opinion, 12/29/16, at 5.

The trial court is partially correct. The motion was referred to counsel and the trial court addressed it at the subsequent hearing on August 21, 2015. Because the withdrawal of counsel was contemporaneous with the trial court's disposition of Appellant's *pro se* motion, and because the trial court, **on the record**, denied the motion, we will not find waiver. The issue was preserved in Appellant's supplemental Pa.R.A.P. 1925(b) statement. However, the issue has no merit.

In disposing of this issue, we rely on the trial court's reasoning, reproduced *supra*, **see** N.T., 8/21/15, at 3–4, and our recent explanation in **Commonwealth v. Leed**, 142 A.3d 20 (Pa. Super. 2016), *appeal granted*, 164 A.3d 476 (Pa. 2016), as follows:

> [T]here is ample case law holding that a warrant may be upheld notwithstanding (1) a magisterial district judge's typographical errors, **see Commonwealth v. Swint**, 256 Pa. Super. 169, 389 A.2d 654, 656–57 (1978) (discussing error in the magisterial district judge's dating of the issuance of the warrant); **Commonwealth v. Chinea**, 246 Pa. Super. 494, 371 A.2d 944, 945–46 (1977) (same), (2) incorrect addresses of the places to be searched, **see Commonwealth v. Washington**, 858 A.2d 1255, 1257–58 (Pa. Super. 2004) (discussing error in the affiant's notation of the address of the premises to be searched); **Commonwealth v. Belenky**, 777 A.2d 483, 487 (Pa. Super. 001) (same), or (3) omissions regarding the timeframe of the

alleged criminal activity. *See Commonwealth v. Baker*, 513 Pa. 23, 518 A.2d 802, 804 (1986) (discussing omissions regarding when an informant observed criminal activity); *Commonwealth v. Murphy*, 916 A.2d 679, 685–86 (Pa. Super. 2007) (same); *Commonwealth v. Haggerty*, 564 A.2d 1269, 1271 (Pa. Super. 1989) (same); *accord Commonwealth v. Ruey*, 586 Pa. 230, 892 A.2d 802, 811, 815 (2006) (applying "common-sense distinction between the absence of probable cause and the mere lack of a full and complete articulation of the same" to hold affiant's omissions of references regarding the credibility and reliability of EMS personnel and hospital at which the defendant was admitted did not negate the magisterial district judge's probable cause determination).

*Id*. at 26.

Appellant's additional claims now asserted on appeal, that the supporting affidavit of probable cause failed to set forth sufficient facts to establish the reliability of the informant and that there was an absence of evidence of probable cause supporting the warrant, however, **were abandoned by counsel and Appellant** at the August 21, 2015 hearing. The claims were not asserted or accordingly, addressed. Therefore, those issues are waived. Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

In his second issue on appeal, Appellant maintains the trial court *sua sponte* "converted jury trial to bench trial" and rendered a verdict of guilty for the offense of Person Not to Possess a Firearm, 18 Pa.C.S. § 6105(a), thereby denying Appellant his right to a trial by a jury. Appellant's Brief at 20. This issue is based upon Appellant's stipulation that his previous felony conviction for kidnapping with intent to inflict bodily injury is an enumerated

conviction under the Uniform Firearms Act, 18 Pa.C.S. § 6105. The stipulation was as follows:

> [THE COMMONWEALTH]: Before the jury comes out, first, by matter of housekeeping, since the jury is not here I'd like to move in a stipulation, Commonwealth-55, with regards to [Appellant's] prior conviction.
>
> The stipulation reads as follows: That on August 20th of 2007 the defendant, Charlestae Taggart, tendered a guilty plea to one count of kidnapping with intent to inflict bodily injury on, or to terrorize the victim or another, 18 Pa.C.S. section 929.03, a felony of the first degree on information CP-15-CR-2372 of 2006. The defendant was sentenced to the Pennsylvania Department of Corrections for a term of six to 12 years of imprisonment, which was followed by a probation period of one year.
>
> This conviction is an enumerated conviction under the Uniform Firearms Act of Title 18 section 6105 (b) and 6105 (c). Due to this conviction the defendant is not entitled to possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in the Commonwealth of Pennsylvania.
>
> THE COURT: So stipulated?
>
> [DEFENSE COUNSEL]: So stipulated, your Honor.
>
> THE COURT: All right. It's admitted.

N.T. (Trial), 10/12/15, at 2–3.

The trial court noted the following:

In order to obtain a conviction under 18 Pa.C.S. § 6105, the Commonwealth must prove beyond a reasonable doubt that the defendant possessed a firearm and that he was convicted of an enumerated offense that prohibits him from possessing, using, controlling, or transferring a firearm. The term "firearm" is defined in that section of the statute as any weapon that is "designed to or may readily be converted to expel any projectile

- 14 -

by the action of an explosive or the frame or receiver of any such weapon." 18 Pa.C.S. § 6105(i).

Here, it is beyond dispute that [Appellant] was disqualified from possessing a firearm because of his prior felony PWID and Kidnapping convictions. In fact, Defense counsel stipulated that [Appellant] was convicted of an enumerated offense under Title 18 Section 6105(b) and 6105(c) of the Uniform Firearms Act. (See Ex. C-55, N.T., 11/12/15, at 2-3). The stipulation was entered into and read into evidence outside the presence of the jury to prevent the jury from learning of [Appellant's] prior felony convictions. This was a completely reasonable trial strategy to prevent the jury from potentially confusing the trial issues and to avoid any prejudice to [Appellant]. Consequently, it would have been improper to include the Person Not to Possess Firearm charge on the Verdict sheet.

Since the parties stipulated that [Appellant] had a prior conviction enumerated in 18 Pa.C.S. § 6105 (b) and 6105 (c), the Commonwealth needed only to prove beyond a reasonable doubt that [Appellant] had an operable firearm in his possession or under his control. The jury was properly instructed that for the purposes of this offense the term "firearm" is defined as any weapon that is "designed to or may readily be converted to expel any projectile by the action of an explosive or the frame or receiver of any such weapon. (N.T., 11/12/15, at 145). There is no support in the record to evidence that the fully loaded []9 millimeter did not meet the statutory definition of a firearm.

The Verdict indicates that the jury believed that [Appellant] constructively possessed the firearm as indicated through a special interrogatory on the Verdict sheet. . . . Based on the jury's finding that [Appellant] possessed the firearm and the aforementioned stipulation, the Court did not err in finding [Appellant] guilty of Person Not to Possess Firearm.

Supplemental Pa.R.A.P. 1925(a) Opinion, 1/30/17, at 4.

The trial court found this issue "both waived and lacking in merit."

Supplemental Pa.R.A.P. 1925(a) Opinion, 1/30/17, at 3. Our review of the

record indicates that at the conclusion of the trial and after the jury verdict,

the trial court stated, "With respect to the charge of possession, persons not to possess a firearm, based upon the stipulation and a finding of the jury I find the defendant guilty . . . based upon his kidnapping conviction. That's part of the stipulation." N.T. (Trial), 10/12/15, at 165. Appellant did not object. Thus, we agree with the trial court that this issue is waived. ***Commonwealth v. Torres-Kuilan***, 156 A.3d 1229 (Pa. Super. 2017) (citing ***Commonwealth v. Spell***, 28 A.3d 1274, 1280 (Pa. 2011)) (failure to raise a timely objection waives issue), and Pa.R.A.P. 302(a) (issues not raised in the lower court are waived and cannot be raised for the first time on appeal).

Appellant's next two issues advance that there was insufficient evidence presented at trial to support his convictions for Persons Not to Possess Firearms, 18 Pa.C.S. § 6105, and RSP, 18 Pa.C.S. § 3925. In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to prove every element of the offense beyond a reasonable doubt. ***Commonwealth v. Diamond***, 83 A.3d 119 (Pa. 2013). "[T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence." ***Commonwealth v. Colon-Plaza***, 136 A.3d 521, 525–526 (Pa. Super. 2016) (quoting ***Commonwealth v. Robertson-Dewar***, 829 A.2d 1207, 1211 (Pa. Super. 2003)). It is within

the province of the fact-finder to determine the weight to be accorded to each witness's testimony and to believe all, part, or none of the evidence. **Commonwealth v. Tejada**, 107 A.3d 788, 792–793 (Pa. Super. 2015). The Commonwealth may sustain its burden of proving every element of the crime by means of wholly circumstantial evidence. **Commonwealth v. Mucci**, 143 A.3d 399, 409 (Pa. Super. 2016). Moreover, as an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder. **Commonwealth v. Rogal**, 120 A.3d 994 (Pa. Super. 2015).

In order to obtain a conviction under 18 Pa.C.S. § 6105, the Commonwealth must prove beyond a reasonable doubt that the defendant possessed a firearm and that he was convicted of an enumerated offense that prohibits him from possessing, using, controlling, or transferring a firearm. As the trial court noted, because the parties stipulated that Appellant had a prior conviction enumerated in 18 Pa.C.S. § 6105 (b) and (c), "the Commonwealth needed only to prove beyond a reasonable doubt that [Appellant] had an operable firearm in his possession **or under his control**." Supplemental Pa.R.A.P. 1925(a) Opinion, 1/30/17, at 4 (emphasis added). Appellant maintains that his proximity to the firearm does not establish his intent to exercise control and dominion over the firearm. In leveling this argument, Appellant relies upon **Commonwealth**

- 17 -

***v. McBride***, 760 WDA 2014, an unpublished memorandum decision of this Court. For the following reasons, we reject this claim.

First, unpublished decisions of this Court are non-precedential and may not be relied upon or cited except in two instances not applicable here. Superior Court Internal Operating Procedure § 65.37; 210 Pa. Code § 65.37. Moreover, the factual pattern in ***McBride*** has no similarity to the instant case. Second, the factors identified by Appellant in his attempt to assail the sufficiency of the evidence reveal merely his disagreement concerning their significance. He asserts that because he was not observed with the firearm at the residence and was not in possession of the firearm during the search, his conviction is based on conjecture. Appellant's Brief at 26–27. We disagree.

Detective Miller testified that in conducting the search of the residence, a 9 millimeter Ruger firearm was in plain view on the dining room table. "The Ruger had a long, extended clip, . . . containing 24 rounds, and the 25th round was in the chamber." N.T. (Trial), 11/10/15, at 61. Appellant was in a bedroom on the main floor, the same floor as the dining room, in bed. ***Id***. at 43–44, 46. Because Appellant was not in physical possession of the firearm in question, the Commonwealth was required to establish that he had constructive possession of the gun. ***Commonwealth v. Kirkland***, 831 A.2d 607, 611 (Pa. Super. 2003).

Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. ***Commonwealth v. Parker***, 847 A.2d 745, 750 (Pa. Super. 2004). Constructive possession can be proven by circumstantial evidence and the "requisite knowledge and intent may be inferred from examination of the totality of the circumstances." ***Commonwealth v. Clark***, 746 A.2d 1128, 1136 (Pa. Super. 2000) (quoting ***Commonwealth v. Haskins***, 677 A.2d 328, 330 (Pa. Super. 1996)). Moreover, we have held that circumstantial evidence is reviewed by the same standard as direct evidence—that is, a decision by the trial court will be affirmed as long as "the combination of the evidence links the accused to the crime beyond a reasonable doubt." **Commonwealth v. Johnson**, 818 A.2d 514, 516 (Pa. Super. 2003) (citations omitted).

We conclude that the trial court adequately addressed Appellant's sufficiency claim regarding his conviction of Persons Not to Possess Firearms, and we rely on its analysis, as follows:

> Based on our review of the facts in the light most favorable to the Commonwealth as the verdict winner, we conclude that there was sufficient evidence to support the jury's finding that [Appellant] constructively possessed the firearm. When viewed in their totality, the facts, circumstances, and reasonable inferences support the conclusions that [Appellant] had a possessory interest in 35 Foundry Street and that he exercised dominion and control over the contraband and firearm recovered therein.
>
> Defense counsel suggested throughout the trial that [Appellant] was unaware of any criminal activity or contraband at 35 Foundry Street and the [sic] he was only sleeping at the residence when police executed the search warrant. Defense

- 19 -

counsel further argued that [Appellant] lives with his mother at 67 Foundry Street, Coatesville, Chester County, and decided to go to 35 Foundry Street to have sexual relations with a female friend. [Appellant's] Pennsylvania identification card displays his address as 67 Foundry Street. Postal mail in [Appellant's] name and also displaying an address of 67 Foundry Street was recovered from 35 Foundry Street. (See N.T., 11/10/15, at 51-54, 68-69).

The []9 millimeter handgun was found on the dining room table, downstairs in the residence where [Appellant] was sleeping. The firearm was located on the same table as [Appellant's] mail. (N.T., 11/10/15, at 60-67). Officers also located a partially consumed birthday cake and two balloons in the kitchen area, presumably from [Appellant's] birthday celebration two days prior. (Id. at 118-120). The Commonwealth presented other circumstantial evidence showing that 35 Foundry Street is one of [Appellant's] residences. Specifically, the Commonwealth introduced two bills for that residence in [Appellant's] name, i.e., a PECO Energy bill and American Heritage Water bill. The PECO bill, along with a small amount of marijuana, were recovered from a blue Pontiac parked in the drive way at 35 Foundry Street. Additionally, an invoice in [Appellant's] name relating to a white 2003 Mercedes Benz, along with the Mercedes were found at 35 Foundry Street. The American Heritage Water Bill was recovered inside the white Mercedes. [Appellant's] bank statements showed payments for each of the utility bills for the time periods dating back four or five months prior to [Appellant's] arrest. (Id. at 69, 76-92).

The record further reveals that the Commonwealth provided the jury with a previous photograph of [Appellant] wearing bright orange Nike Air Max sneakers. During the search of 35 Foundry Street, the officers found a pair of bright Orange Nike Air Max sneakers in the same room that [Appellant] was found sleeping. The Nike Air Max sneakers were neatly positioned next to other men's sneakers in a manner indicating that the owner of the sneakers lived in that bedroom. The jury also heard credible evidence that [Appellant] represented to police that he was the occupant of 35 Foundry Street on two prior occasions. (Id. at 91-94). Finally, Y-Chromosome DNA testing of both the ammunition and knotted bag of cocaine recovered in the residence resulted in a partial match for [Appellant]. (Id. at 100-102; N.T., 11/12/15, at 48-54). There

- 20 -

was no conflicting testimony on these facts. Therefore, this jury was free to give full weight to the Commonwealth's testimony to infer that [Appellant] constructively possessed of [sic] the firearm.

Apparently, the jury did not credit [Appellant's] theory of the case. Again, it is up to the jury, as the finder of fact, to pass upon the credibility of witnesses and the weight accorded such testimony. [Commonwealth v.] DeJesus, 860 A.2d [102,] 107 [(Pa. 2004)], [Commonwealth v.] Arms, 413 A.2d [684,] 686 [(Pa. 1980)]. Accordingly, we find that the Commonwealth presented sufficient evidence for the jury to conclude beyond a reasonable doubt that [Appellant] constructively possessed the firearm.

Supplemental Pa.R.A.P. 1925(a) Opinion, 1/30/17, at 7–8.

Appellant also presents an issue challenging the sufficiency of the evidence to support his conviction of RSP. Appellant's Brief at 42. This issue lacks merit. In support of our conclusion, we rely on the trial court's analysis in its supplemental Pa.R.A.P. 1925(a) opinion:

In his final issue claimed on appeal, [Appellant] challenges the sufficiency of the evidence with respect to his RSP conviction. In order to obtain a conviction for RSP, the Commonwealth must establish the following elements beyond a reasonable doubt: (1) the property was stolen, (2) the defendant was in possession of the property, and (3) the defendant knew or had reason to believe the property was stolen.[] Commonwealth v. Foreman, 797 A.2d 1005, 1011 (Pa. Super. 2002). The Commonwealth may sustain its burden of proving every element of this crime beyond a reasonable doubt by means of wholly circumstantial evidence. Commonwealth v. Dellavecchia, 725 A.2d 186, 188 (Pa. Super. 1998).

As evidenced by the Verdict, the Commonwealth presented sufficient evidence for the jury to find that [Appellant] constructively possessed the stolen firearm. . . . The uncontroverted evidence presented at trial established the firearm was stolen. During trial, the jury was presented with a stipulation that the firearm was stolen out of Philadelphia. (Ex.

- 21 -

C-54; N.T., 11/10/15, at 101; N.T., 11/12/15, at 61). Therefore, we conclude that the first two elements of [Appellant's] RSP conviction are met.

With regard to [Appellant's] contention that the evidence was insufficient to establish that he knew the firearm was stolen or had reason to know that the firearm was probably stolen, we disagree. The Commonwealth satisfied this element with wholly circumstantial evidence. Therefore, [Appellant's] conviction was properly sustained by inferences reasonably drawn from all the facts and circumstances, including [Appellant's] conduct.

The Commonwealth presented substantial consciousness of guilt evidence in support of [Appellant's] RSP conviction. The Commonwealth presented the testimony of both Trooper [Adam] Dickinson and Detective Miller [from] which the jury could infer, which it did, that [Appellant] possessed the requisite knowledge to sustain the conviction. During the execution of the search warrant, [Appellant] failed to comply with the officer's verbal commands and engaged in a physical struggle with police while being placed in custody. (See N.T., 11/10/15, at 43-45, 153-162). Taken together, [Appellant's] conduct at the time of his arrest coupled with the constructive possession of the firearm is sufficient for the jury to properly conclude that [Appellant] at least had reason to believe the fully-loaded firearm was stolen. Further, a permissible inference of guilty knowledge may be drawn from the possession of controlled substance[s]. The jury could reasonably infer from the quantity of cocaine, heroin and other drug paraphernalia recovered at the residence that [Appellant's] possession of a properly purchased firearm was inconsistent with his possession of the illegal drugs and paraphernalia and therefore circumstantially established the requisite knowledge to sustain the RSP conviction. The Court will not reweigh the evidence and substitute its judgment for that of the jury. Accordingly, the Commonwealth provided sufficient evidence for the jury to reasonably conclude that each element of RSP was proven beyond a reasonable doubt.

Supplemental Pa.R.A.P. 1925(a) Opinion, 1/30/17, at 13–14 (footnote omitted).

Appellant's penultimate and final issues will be addressed in tandem. Appellant asserts that the Commonwealth intentionally misrepresented in its opening statement and closing arguments "Forensic DNA Evidence" found on the Ruger handgun. Appellant's Brief at 34. He maintains that remarks made in the opening statement were "done to mislead the jury into thinking the forensic scientist was gone [sic] testify that [Appellant's] DNA was on the gun when they [sic] already known [sic] it was not." Appellant's Brief at 35. He also claims the prosecutor repeatedly misstated "the DNA findings in closing argument to the jury further misrepresenting the evidence . . . ." *Id*. at 37. Relatedly, Appellant contends that his motion for a mistrial should have been granted or "an instruction should at least have been given to cure the prejudice . . . by the remarks made by Det[ective] Miller[] and the prosecutor of [Appellant's] DNA being on the firearm." *Id*. at 39. The trial court found this issue waived. Supplemental Pa.R.A.P. 1925(a) Opinion, 1/30/17, at 11, 12.

Our standard of review for a claim of prosecutorial misconduct is limited to whether the trial court abused its discretion. "In considering this claim, our attention is focused on whether the defendant was deprived of a fair trial, not a perfect one." *Commonwealth v. Proctor*, 156 A.3d 261, 271 (Pa. Super. 2017), *petition for allowance of appeal filed*, 176 WAL 2017 (Pa. filed May 9, 2017).

> A prosecutor's arguments to the jury are generally not a basis for the granting of a new trial unless the unavoidable effect of

- 23 -

such comments would be to prejudice the jury, forming in their minds fixed bias and hostility towards the accused which would prevent them from properly weighing the evidence and rendering a true verdict.

A prosecutor must have reasonable latitude in fairly presenting a case to the jury and must be free to present [his] arguments with logical force and vigor. The prosecutor is also permitted to respond to defense arguments. Finally, in order to evaluate whether the comments were improper, we do not look at the comments in a vacuum; rather we must look at them in the context in which they were made.

*Commonwealth v. Solomon*, 25 A.3d 380, 383 (Pa. Super. 2011).

We have reviewed the complete opening statement and closing arguments and the notes of testimony at trial. Appellant's Brief at 35. Appellant wholly failed to object to any remark during or after the prosecutor's opening statement and closing arguments, and he did not object to the statement by Detective Miller at trial about which Appellant now complains. N.T., 11/10/15, at 22–39, 149; N.T., 11/12/15, at 101–124. Therefore, we agree with the trial court that this assertion of error is waived. *Commonwealth v. May*, 31 A.3d 668, 673 (Pa. 2011) (citing Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal")); *see also* Pa.R.E. 103(a) (party may claim error in admission of evidence only when party makes a timely objection); *Commonwealth v. Heckathorn*, 241 A.2d 97, 102 (Pa. 1968) (failure to object to purported hearsay testimony resulted in waiver).

Even if not waived, the issue lacks merit, as explained by the trial court:

- 24 -

Here any perceived error is harmless in light of the overwhelming inculpatory evidence presented at trial and defense counsel's thorough cross-examination of the Commonwealth's DNA expert concerning this evidence. In fact, during cross examination, the DNA expert acknowledged that she was unable to conclusively match [Appellant's] DNA profile with the DNA found on the firearm and magazine. (See N.T., 11/12/15, at 48-49, 58). Therefore, any misstatement by the prosecutor concerning this evidence was clearly pointed out to the jury by defense counsel during trial. Moreover, the jury was instructed during the trial that the opening statements and closing arguments were not evidence. (N.T., 11/10/15, at 20-22; N.T., 11/12/15, at 82).

Supplemental Pa.R.A.P. 1925(a) Opinion, 1/30/17, at 12.

Appellant's final issue, that the trial court failed to grant a mistrial or give a cautionary instruction, also is waived. The trial court explained:

Perplexingly, [Appellant] states that the [c]ourt committed judicial misconduct by failing to grant a curative instruction or a mistrial when the prosecutor presented false evidence concerning the forensic evidence found on the gun. Notwithstanding that [Appellant] fails to set forth what DNA evidence was false, [Appellant's] claim fails for a more fundamental reason. Assuming that [Appellant] is relying on the same DNA evidence set forth in his fifth issue, then this claim is waived. A review of the record reveals that [Appellant] did not object to this evidence at trial. Further, the trial record is devoid of any evidence that [Appellant] requested a curative instruction or mistrial **based on this evidence**. The Court will not *sua sponte* issue a curative instruction when there is no basis to do so. Accordingly, [Appellant's] claim must fail.

We are unable to adequately address the remainder of issue six, as [Appellant's] Statement is vague. After independently reviewing the allegations contained in the Statement, it is unclear which evidence [Appellant] takes issue with, whether the evidence was adequately challenged by defense counsel, or how the issue was preserved at trial for appellate review.

Supplemental Pa.R.A.P. 1925(a) Opinion, 1/30/17, at 13 (emphasis added).

Similarly, on appeal, Appellant has failed to identify the misrepresented and misleading evidence about which he complains. Appellant's Brief at 40. He references "remarks made by Det[ective] Miller[] and the prosecutor" but never identifies the remarks or where in the record they can be found. *Id*. at 39. "[*P*]*ro se* litigants must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. This Court will not act as counsel and will not develop arguments on behalf of an appellant." ***Commonwealth v. Tchirkow***, 160 A.3d 798, 804 (Pa. Super. 2017) (citations omitted). Appellant's argument is vague and conclusory, and his claim is undeveloped, thereby depriving both the trial court and this Court of the details necessary to evaluate the issue. ***Commonwealth v. Wise***, ___ A.3d ___, 2017 PA Super 295 (Pa. Super. Filed September 15, 2017) (citing ***Commonwealth v. Woodard***, 129 A.3d 480, 509 (Pa. 2015)) (quoting ***Wirth v. Commonwealth***, 95 A.3d 822, 837 (Pa. 2013), which stated that "where an appellate brief fails to . . . develop an issue in any other meaningful fashion capable of review, that claim is waived.").

We find substantial waiver of Appellant's issues and no merit to the claims properly preserved. Accordingly, we are compelled to affirm the judgment of sentence.

Judgment of sentence affirmed.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
*Prothonotary*


*Date: 9/29/2017*